## UNIVERSAL BUSINESS COMPUTING COMPANY, Plaintiff,

### v.

## COMPREHENSIVE ACCOUNTING CORPORATION, Defendant.

### No. 82 C 3028.

United States District Court,
N. D. Illinois, E. D.

May 26, 1982.

Barry A. Erlich, Engerman, Erlich, Jacobs & Berman, Chicago, Ill., for plaintiff.

Edward J. Wendrow, Winston & Strawn, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Universal Business Computing Company ("UBC"), a vendor of "mini-computers" and computer software, filed this federal antitrust action on May 14, 1982, alleging that defendant Comprehensive Accounting Corporation ("CAC") had violated sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, by illegally tying the sale of computer hardware and software to the accounting, bookkeeping, management consulting, and assorted other services sold and licensed by CAC to its franchisees. Appended to UBC's federal claims are state claims for theft of trade secrets and unfair competition. This Court has jurisdiction over the federal claims for declaratory, injunctive and monetary relief pursuant to sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, and over UBC's state claims pursuant to well-established principles of pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

On May 17, 1982, CAC, the defendant in this federal action, filed suit in Kane County Circuit Court in the State of Illinois against UBC and others alleging, in substance, misappropriation of trade secrets and unfair competition relating to the same line of mini-computers and software as is involved in this federal action. CAC also sought a temporary restraining order in its state court suit that would prevent UBC from selling or attempting to sell its mini-computer line to any of CAC's franchisees during the pendency of that action. On May 20, 1982, UBC filed a motion in this Court seeking to enjoin or stay the state court proceedings initiated by CAC. After an emergency hearing on UBC's motion, with argument from counsel representing

both sides, we denied the motion to stay indicating that a draft opinion would follow shortly. The reasons for our earlier ruling are set forth below.

The Anti-Injunction Act, 28 U.S.C. § 2283, provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Act is an absolute prohibition against an injunction of any state court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630, 97 S.Ct. 2881, 2887, 53 L.Ed.2d 1009 (1977); *Mitchum v. Foster*, 407 U.S. 225, 228–29, 92 S.Ct. 2151, 2155, 32 L.Ed.2d 705 (1972). In the case at bar, UBC contends that the stay it seeks is necessary in aid of this Court's jurisdiction over UBC's antitrust claims.

■ The "in aid of jurisdiction" exception to the Anti-Injunction Act has been called "the most enigmatic of the three exceptions to the Anti-Injunction Statute." M. Redish, *Federal Jurisdiction: Tensions In The Allocation of Judicial Power* 278 (1980). It has been narrowly construed as a codification of a historical exception to the Anti-Injunction Act and co-existent principles of comity and federalism for *in rem* actions in the context of which two courts would be vying for jurisdiction over the same *res* unless one of the judicial proceedings were stayed. *Toucey v. New York Life Insurance Company*, 314 U.S. 118, 134–35, 62 S.Ct. 139, 144–45, 86 L.Ed. 100 (1941); *Kline v. Burke Construction Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922). As Justice Rehnquist noted more recently for the plurality in *Vendo Co. v. Lektro-Vend Corp., supra*:

The traditional notion is that *in personam* actions in federal and state court may proceed concurrently, without interference from either court, and there is no evidence that the exception to § 2283 was intended to alter this balance. We have never viewed parallel *in personam* actions as interfering with the jurisdiction of either court.

433 U.S. at 642, 97 S.Ct. at 2893.[1]

■ UBC maintains that the instant action is akin to an *in rem* proceeding because both it and CAC claim a proprietary interest in the design of certain computer software systems for use with the mini-computer line. UBC contends that CAC stole the software system from it while CAC maintains the computer software system was stolen from it by UBC. At oral argument on the motion to stay, however, counsel for UBC conceded that he could cite no case authority for the rather novel proposition that computer software standing at the center of an antitrust dispute constitutes a *res* that converts what is generally assumed to be an *in personam* proceeding into an *in rem* proceeding. Indeed, it is not really the tangible embodiment of the computer software that is at issue in this case at all, but rather the right to the ideas embodied in the computer software system in which both UBC and CAC claim an interest. In a similar context, the United States District Court for the Southern District of New York has held that the ideas embodied in a computer software program are not equivalent to a *res* for purposes of creating *in rem* jurisdiction. *Trans-American Computer Associates, Inc. v. Tower Systems, Inc.*, 203 U.S.P.Q. 719 (S.D.N.Y.1978).

Although UBC's argument that the computer software involved in this case is equivalent to a *res* for purposes of creating *in rem* jurisdiction and the attendant need for an injunction in aid of that jurisdiction is very creative, the same argument could have been made and was implicitly rejected

---

1. This narrow construction of the in aid of jurisdiction exception has been soundly criticized by at least one commentator who has proposed a broader, more common sense application of this exception to the Anti-Injunction Act. *See* M. Redish, *Federal Jurisdiction: Ten-* *sions In The Allocation of Judicial Power* 285–90 (1980). Much as we might agree with Professor Redish on this point, however, we are bound by the pronouncements of higher courts on this subject, which he would reject as "fundamentally unsound." *Id.* at 289.

with regard to the patents at issue in *Vendo Co. v. Lektro-Vend Corp., supra.* Similar to the situation in the case at bar, the parties in *Lektro-Vend* each claimed the exclusive right to profit from certain patents. *See Lektro-Vend Corp. v. Vendo Co.,* 545 F.2d 1050, 1053–54 (7th Cir. 1976), *reversed,* 433 U.S. 623, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977). The Supreme Court, however, held that Lektro-Vend's motion to stay enforcement of the state court judgment against it while it prosecuted its federal antitrust action, including state claims for theft of trade secrets and unfair competition, essentially sought to "preserve" a case or controversy for the federal court in an *in personam* action, a result which, as in the instant case, is barred by the Anti-Injunction Act. *Id.,* 433 U.S. at 642, 97 S.Ct. at 2893.

In sum, although UBC's creative argument is not without appeal, it ultimately must fail.[2] Accordingly, UBC's motion to stay the state court proceedings is denied. It is so ordered.

---

2. UBC has not argued that it is entitled to relief under the "expressly authorized" exception to the Anti-Injunction Act. Apparently, according to six Justices of the Supreme Court in *Vendo Co. v. Lektro-Vend Corp.,* relief would be appropriate under that provision of the Act in an antitrust case brought pursuant to section 16 of the Clayton Act if the state court proceedings were part of a pattern of baseless, repetitive claims or an equivalent abuse of the judicial process designed to harass a federal plaintiff. *See Vendo Co. v. Lektro-Vend Corp., supra,* 433 U.S. at 644, 97 S.Ct. at 2894 (Blackmun, J., concurring). At the hearing on UBC's motion, however, counsel for UBC conceded that CAC has only filed a single action against UBC in state court to date. Accordingly, the "expressly authorized" exception to the Anti-Injunction Act is also unavailing to UBC.