Billy Vance HAMILTON,
Plaintiff–Appellant,

v.

Honorable Bob W. ROBERTSON,
Judge, 308th Judicial District, et
al., Defendants–Appellees.

No. 88–2126
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 13, 1988.

Billy Vance Hamilton, Pasadena, Tex., pro se.

Paul D. Rich, Asst. Atty. Gen., San Antonio, Tex., for Robertson, et al.

Barry Boorstein, Houston, Tex., pro se and for Beach.

Lupe Salinas, Asst. Co. Atty., Houston, Tex., for Hardy, Harrison, Cooper, Rappaulo & Harris County, Tex.

John W. Mahoney, Asst. Co. Atty., Houston, Tex., for Martin and Klevenhagen.

C. Lynne Little, Houston, Tex., pro se.

JoAnne Chadderdon, Houston, Tex., for Gleason.

Don Smith, Pasadena, Tex., for City of Pasadena Police Officers.

Before POLITZ, KING, and SMITH, Circuit Judges.

PER CURIAM:

Appellant Billy Vance Hamilton and two co-plaintiffs filed suit pursuant to 42 U.S.C. § 1983 against numerous named and unnamed defendants seeking damages, declaratory and injunctive relief, and attorneys' fees and costs. On January 6, 1988, the district court, *sua sponte* in a pretrial conference order, enjoined Hamilton "from filing any new lawsuits in the Southern District of Texas" without first obtaining leave of court to so proceed. Hamilton appeals this injunctive order. The claimed basis for the appealability of the district court's order is 28 U.S.C. § 1292(a)(1).

This Court must examine the basis of its jurisdiction, on its own motion if necessary. *Benson v. Bearb*, 807 F.2d 1228, 1229 (5th Cir.1987). Section 1292(a)(1) authorizes appeals from interlocutory orders that grant or deny an injunction. This statutory provision, however, "does not authorize appeals from orders that compel or restrain conduct pursuant to the court's authority to control proceedings before it, even if the order is cast in injunctive terms." *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1066 (5th Cir.1986).

The Supreme Court most recently has reminded us that "[a]n order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, — U.S. —, —, 108 S.Ct. 1133, 1138, 99 L.Ed.2d 296 (1988) (overruling *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935), and *Ettelson v. Metro. Life Ins. Co.*, 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942), and hence the "*Enelow–Ettelson* doctrine").

We have long recognized a clean distinction between injunctions prohibiting proceedings in other courts, which are appealable, and orders, whether or not styled "injunctions," that control proceedings only in the court that issues the order. The latter are not appealable:

> If a district court acts to halt proceedings in *another* court, its action is indeed an injunction within the meaning of section 1292(a)(1); where a court acts to halt proceedings on *its own docket*, however, that action 'is not an injunction but merely a calendar order issued under the court's inherent power to regulate the administration of its own business.' *Anderson v. United States*, 520 F.2d 1027, 1028 (5th Cir.1975), *quoting Penoro v. Rederi A/B Disa*, 376 F.2d 125, 128 (2d Cir.), *cert. denied*, 389 U.S. 852 [88 S.Ct. 78, 19 L.Ed.2d 676] ... (1967). *See* 16 C. Wright, A. Miller, E. Cooper & E. Gressman, *Federal Practice and Procedure* § 3923 (1977).

*Castanho v. Jackson Marine, Inc.*, 650 F.2d 546, 548–49 (5th Cir. Unit A Jun.1981) (court's emphasis). *See Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 418 n. 2 (5th Cir.1985). *Cf. Hunt v. Bankers Trust Co.*, 799 F.2d at 1066 (injunction against "the possible proliferation of suits in *other* jurisdictions" held appealable (emphasis added)).

The order being appealed here, which is part of a "Pretrial/Motion Conference Order," does not enjoin the plaintiff from filing lawsuits in other courts. Accordingly, it is not an injunction, under the controlling precedent set forth above, and hence is not appealable under section 1292(a)(1).

We are without jurisdiction. The appeal is DISMISSED.