# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2021

Lyle W. Cayce
Clerk

No. 20-20388

Document Operations, L.L.C.,

*Plaintiff—Appellee*,

*versus*

AOS Legal Technologies, Incorporated,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-1532

---

Before Dennis and Engelhardt, *Circuit Judges*, and Hicks*, *Chief District Judge*.

Per Curiam:*

Defendant-Appellant AOS Legal Technologies, Inc. ("AOS Japan") appeals the entry of a preliminary injunction and order granting expedited discovery. Following oral argument and a review of the record, we hold that

---

* Chief Judge of the Western District of Louisiana, sitting by designation.

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20388

both must be VACATED, with the preliminary injunction issue REMANDED for proceedings consistent with Federal Rule of Civil Procedure 65(a)(1).

## I.

In 2017, Plaintiff Document Operations, LLC ("Doc. Ops.") entered into a licensing agreement by which AOS Japan would serve as the company's exclusive representative and marketing provider in Japan for Doc. Ops.' "Prpel" virtual data room technology. The licensing agreement mandated AOS Japan protect Doc. Ops.' confidential information, and also prohibited AOS Japan from acting to "represent, promote, develop, or otherwise try to sell within [Japan] any lines of product that. . . compete with [Prpel]." Subsequent amendments to the licensing agreement designated AOS Korea Corp. ("AOS Korea") as an additional sales location and exclusive provider/representative of Prpel in South Korea and extended the term of the license by twelve months.

In August 2019, the licensing agreement was again extended by twelve months, and a new provision was added stating:

> **Non-Exclusive.** During the extended term, the license shall be non-exclusive and any provision in the Agreement that reflects an exclusive relationship shall be considered amended accordingly hereby.

Shortly thereafter, Doc. Ops. learned that a competing product known as "AOS VDR" had been developed and would soon be marketed in the two Asian countries. Despite protests from AOS Japan that AOS Korea developed AOS VDR independently and without any infringement of Prpel, Doc. Ops. filed suit alleging violation of the Texas Uniform Trade Secrets Act, Tex. Bus. & Com. Code § 15.50 *et seq.*, and for common law breach of

contract, fraudulent inducement, conversion, civil conspiracy, and breach of fiduciary duty.

In both its initial and first amended complaints, Doc. Ops.' prayers for relief included requests for a temporary restraining (TRO) order and a preliminary injunction. On May 8, 2020, Doc. Ops. filed a formal TRO motion and emailed a copy of the motion and its complaint to AOS Japan's company representatives. Once a Zoom hearing was scheduled, Doc. Ops. contacted AOS Japan several times to inform them of its date. When the hearing commenced on May 27 without any acknowledgement from AOS Japan, the district court opted to reschedule the proceedings in order to ensure that AOS Japan was aware of its occurrence and had purposefully elected not to participate. A second Zoom hearing was set for June 18.

During this three-week period between hearings, Doc. Ops. continued to attempt to communicate relevant dates and filings with AOS Japan, who had appointed Texas-based counsel. Among these communications was a copy of a letter from Doc. Ops. to the district court, which provided in relevant part:

> Should this Court grant Document Operations' Motion for Temporary Restraining Order, Document Operations seeks to conduct limited expedited discovery to prepare for the subsequent preliminary injunction hearing.

On the morning of the second Zoom proceeding, still without definitive confirmation that AOS Japan was voluntarily absent, the district court instructed its case manager to phone counsel to "give [him] one last chance to appear. . . if he so chooses." On this phone call, AOS Japan's counsel relayed that he was "not going to appear, not even going to get on the telephone call. . ." until his client was served with process in accordance with the Hague Convention.

Following this brief recess, the district court granted Doc. Ops.' TRO motion and its related request for expedited discovery. Although these were the only two matters set to be resolved at the hearing, the district court also issued a preliminary injunction against AOS Japan. Orders memorializing these three rulings were entered the next day.

## II.

We review a grant of a preliminary injunction for an abuse of discretion. *See Atchafalaya Basinkeeper v. United States Army Corps of Engineers*, 894 F.3d 692, 696 (5th Cir. 2018). Federal Rule of Civil Procedure 65(a)(1) provides: "[t]he court may issue a preliminary injunction only on notice to the adverse party." Because Rule 65(a)(1) does not define the amount or type of notice required, "[t]he sufficiency of written and actual notice is a matter for the trial court's discretion." *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978) (citing *Plaquemines Parish School Bd. v. United States*, 415 F.2d 817 (5th Cir. 1969)). However, the Supreme Court has held that sufficient notice under Rule 65(a) "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70*, 415 U.S. 423, 434 n. 7 (1974). This contrasts with the more informal, sometimes same-day notice from which a TRO may issue. *See id*. "Compliance with Rule 65(a)(1) is mandatory," and a preliminary injunction granted without adequate notice and an opportunity to oppose it should be vacated and remanded to the district court. *Harris County, Tex. v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (citing *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992)).

Due to their overlapping elements, TRO and preliminary injunction hearings are often conflated, and in some instances, a TRO hearing may

convert into one for a preliminary injunction. *See e.g.*, *CarMax*, 177 F.3d 306; *Dilworth v. Riner*, 343 F.2d 226 (5th Cir. 1965). In order for this conversion to occur, however, the requirements of sufficient notice and an opportunity to meaningfully prepare and respond must still be satisfied. *See id; Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131 (5th Cir. 1990).

AOS Japan certainly had notice that a preliminary injunction was looming, but it lacked sufficient notice that such relief would issue at the second TRO hearing. Doc. Ops.' extensive and separately filed TRO motion stands in stark contrast to its brief reference of a preliminary injunction as a form of relief in its pleadings. Moreover, Doc. Ops.' email letter to the district court—with AOS Japan copied—requesting expedited discovery in preparation for a future preliminary injunction hearing reveals that the movant itself did not anticipate a preliminary injunction to issue at this proceeding. While AOS Japan's refusal to acknowledge and participate in events occurring in the district court may have factored into a lack of notice, the uncertainty surrounding whether service of process had been effectuated warrants the reasonable apprehension AOS Japan exhibited.

Although this Court has recognized situations where TRO proceedings may convert into preliminary injunction hearings, the instant circumstances are distinguishable from the leading cases on the subject. In *Dilworth*, this Court held that after a full-scale hearing with five appellant and three appellee witnesses, the denial of a TRO was "in substance and result a hearing on and the denial of a preliminary injunction," and thus was subject to appellate jurisdiction. 343 F.2d at 229. In *CarMax*, the construction of plaintiff's TRO motion as a motion for preliminary injunction was similarly challenged under Rule 65(a)(1). 177 F.3d at 325. This Court rejected that challenge, finding the defendant was provided three business days' notice of the hearing, never sought postponement of the hearing, filed a detailed opposition brief, presented three witnesses, and vigorously cross-examined

four of its adversary's witnesses. *See id.* at 326. Finally, in *Kaepa* this Court held that Rule 65(a)'s requirements were satisfied without a formal hearing when the district court did not rely on any disputed facts and both parties had presented comprehensive memoranda in support of their positions on the injunction issue. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996). The Court further reasoned, "[i]f no factual dispute is involved, however, no oral hearing is required; under such circumstances the parties need only be given 'ample opportunity to present their respective views of the legal issues involved.'" *Id.*

In each of these cases, the non-movant participated in proceedings to a degree that allowed the district court to determine whether a preliminary injunction was appropriate. In contrast, AOS Japan did not participate whatsoever in the June 18 TRO hearing because of service of process concerns. The district court was aware of this reason for absence. Consequently, any interpretation of AOS Japan's silence as a factual concession on the injunction issue was unreasonable. On the date of this hearing, AOS Japan expected at most a 14-day TRO to issue without prejudice to the future opportunity to contest a potential preliminary injunction. Instead, AOS Japan received notice of an indefinite injunction via the district court's order the following day. This action violated Rule 65(a)(1)'s notice requirement and mandates the preliminary injunction be VACATED and REMANDED.[1] *See Phillips*, 894 F.2d at 131.

---

[1] Because revisiting injunctive relief on remand will involve adversarial evidentiary proceedings, we decline to offer guidance as to the substantive terms of any future preliminary injunction.

### III.

We review a district court's discovery rulings for an abuse of discretion. *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021). Generally, broad discretion is afforded to the district court when deciding discovery matters, and we reverse "only if [the decision] affected a party's substantial rights." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 476 (5th Cir. 2018). Substantial rights are affected if the district court's decision was "arbitrary or clearly unreasonable." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005).

### A.

We must first determine whether we have jurisdiction to review the district court's expedited discovery order. Pendent appellate jurisdiction is proper only in rare and unique circumstances and must be in the interest of judicial economy. *See Byrum v. Landreth*, 566 F.3d 442, 449 (5th Cir. 2009). It is present where (1) the pendent decision is "inextricably intertwined" with the decision over which the appellate court otherwise has jurisdiction, and (2) review of the former is necessary to ensure meaningful review of the latter. *See Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995). This Court has found pendent jurisdiction may be proper where (1) the court will decide some issue in the properly brought interlocutory appeal that necessarily disposes of the pendent claim, (2) addressing the pendent claim will further the purpose of immediate review of the interlocutory claim, (3) the pendent claim would otherwise be unreviewable, or (4) the claims involve precisely the same facts and elements. *See Escobar v. Montee*, 895 F.3d 387, 392-93 (5th Cir. 2018).

Similarly, the collateral order doctrine permits review of "a small class of collateral rulings that, although they do not end the litigation, are appropriately deemed 'final.'" *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 106

(2009) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949)). A qualifying interlocutory decision must (1) be conclusive, (2) resolve important questions separate from the merits, and (3) be effectively unreviewable on appeal from final judgment. *See Mohawk*, 558 U.S. at 605. Due to the healthy respect for the virtues of the final judgment rule, the justification for immediate appeal must be quite strong, with the decisive consideration being whether delaying review until final judgment "would imperil a substantial public interest" or "some particular value of a high order." *Will v. Hallock*, 546 U.S. 345, 352-53 (2006).

Either jurisdictional theory provides this Court with the power to review the district court's expedited discovery order. First, pendent jurisdiction may be exercised over the discovery order because of its ties to the preliminary injunction. In addition to the factual similarities informing each, Doc. Ops.' central basis for expedited discovery was to aid in preparation for a future preliminary injunction hearing. The district court's order cited this letter request. The discovery order itself provides significant support for AOS Japan's reasonable belief that a future hearing would be held regarding a potential injunction, and consequently, reveals the lack of notice it possessed at the time of the TRO hearing. The close connection between the interlocutory preliminary injunction and the pendent expedited discovery order permit the exercise of this form of jurisdiction.

As for the collateral order doctrine, AOS Japan's principal ground for invalidation of the discovery order rests upon its rights as a Japanese defendant under the United States-Japan Consular Convention of 1964 ("Consular Convention" or "Treaty"). The assertion of these Treaty rights transforms the dispute from that over a standard pre-trial discovery order to one involving the rights of foreign defendants in American courts. Viewed as such, review of the discovery order in light of the Consular Convention "finally determine[s] claims of right separable from, and collateral to, rights

asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546. Finally, this order would be effectively unreviewable following a final judgment, as AOS Japan would be forced to relinquish its Treaty rights and participate in discovery.

## B.

Turning now to the merits, the expedited discovery order must be vacated on two grounds. First, the order clearly ran afoul of the Consular Convention. The Treaty sets forth a complex set of rules governing the taking of depositions of Japanese defendants. *See* Consular Convention and Protocol, Mar. 22, 1963, U.S.-Japan, art. 17(1)(e)(ii); *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 472 n.2 (E.D. Ill. May 2, 2007). Notably, these procedures mandate that depositions taken in Japan of Japanese defendants must occur on U.S. consulate premises with a consular official presiding, and all participants are required to obtain a deposition visa. *See id.* Further, the U.S. Department of State's website explicitly notes that video conferencing is not available.[2]

In contravention of the Treaty, the district court ordered that AOS Japan's corporate representatives be deposed via Zoom within ten business days of the date of its order or by July 1, 2020. The terms of the order thus evidence that no consideration was paid to the Consular Convention and the ensuing rights afforded to Japanese defendants. Accordingly, the expedited discovery order cannot stand.

Second, the order lacked good cause to issue. Under Federal Rule of Civil Procedure 26(d), "[a] party may not seek discovery from any source

---

[2] https://jp.usembassy.gov/depositions-in-japan/?_ga=2.36004384.1664203238.1621530152-579272842.1621530152.

before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." In the Southern District of Texas—where this case originated—courts employ a good cause standard to determine when to exercise their authority to order expedited discovery. *See Dallas Buyers Club, LLC v. Ripple*, No. H-14339, 2015 WL 1346217 at *1 (S.D. Tex. Mar. 23, 2015).

The district court's expedited discovery order found good cause existed "[f]or the reasons detailed in counsel's June 13, 2020 letter and in this court's order granting Plaintiff's Motion for Temporary Restraining Order." As discussed, this letter justified the need for expedited discovery to prepare for a future preliminary injunction hearing. The letter's stated purpose was "to adduce evidence bearing directly on its right to a preliminary injunction." When the district court issued a preliminary injunction simultaneously with this discovery order, good cause for expedited discovery ceased to exist. For both of these reasons, the district court's order must be VACATED.

## IV.

For the reasons assigned herein, the district court's entry of a preliminary injunction is hereby VACATED and REMANDED. Further, the district court's expedited discovery order is hereby VACATED.