United States Court of Appeals,

Fifth Circuit.

No. 92–7135.

Tommy M. PARKER, Plaintiff,

v.

Timothy RYAN, United States Department of the Treasury, and Office of Thrift Supervision,
Defendants–Appellees,

v.

Billie Ida PARKER, Appellant.

May 14, 1992.

Appeal from the United States District Court for the Northern District of Mississippi.

Before SMITH and EMILIO M. GARZA, Circuit Judges, and KENT,[*] District Judge.

JERRY E. SMITH, Circuit Judge.

I.

Tommy Parker (Tommy) may have been involved in some unsavory activities as an officer of a failed savings and loan institution. The Office of Thrift Supervision (OTS) issued a cease-and-desist order against him that directed him not to dissipate his assets while his liability was being considered. He challenged the order in district court, and OTS moved for an injunction against him. The district court issued a temporary restraining order (TRO) and then a preliminary injunction ordering Tommy to comply with the cease-and-desist order and also mandated some financial reporting. Billie Parker (Billie), Tommy's wife and the appellant in this case, was not a party to that action.

On May 30, 1991, Tommy and Billie divorced. Pursuant to the divorce, they divided their property. On July 2, 1991, the district court found that Tommy had violated the preliminary injunction by dividing his assets and held him in contempt of court. Billie was not a party to the

[*]District Judge of the Southern District of Texas, sitting by designation.

contempt proceeding, was not given notice, and did not attend.

On February 18, 1992, the OTS filed its Second Motion for Contempt and Motion for Constructive Trust on Assets Transferred in Violation of the Court's Orders. The OTS asked for various sanctions against Tommy that are not relevant to this appeal. It also asked the district court to order Billie to refrain from spending her assets, except for necessary living expenses. Billie was not named as a party in the case and is still not a party in the case involving Tommy.

Billie received a copy of the motion on Thursday, February 20, 1992. On February 21, 1992, Billie requested that the hearing on motion be set at a later date; the court denied that motion. The hearing took place on Monday, February 24, 1992. Billie did not attend. The court granted the motion for constructive trust, and Billie appeals.

## II.

The proceedings against Billie did not comply with the notice requirements of the Federal Rules of Civil Procedure. The order for a constructive trust constituted a preliminary injunction. Rule 65(a)(1) states that "[n]o preliminary injunction shall be issued without notice to the adverse party." Compliance with rule 65(a)(1) is mandatory. *Phillips v. Chas. Schreiner Bank,* 894 F.2d 127, 130 (5th Cir.1990). Notice under rule 65(a)(1) should comply with rule 6(d), which requires five days' notice before a hearing on a motion. *Marshall Durbin Farms v. National Farmers Org.,* 446 F.2d 353, 358 (5th Cir.1971).[1]

---

[1] The notice requirement of rule 65(a) has constitutional as well as procedural dimensions; it implies "a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Williams v. McKeithen,* 939 F.2d 1100, 1105 (5th Cir.1991) (quoting *Granny Goose Foods v. Brotherhood of Teamsters,* 415 U.S. 423, 432 n. 7, 94 S.Ct. 1113, 1121 n. 7, 39 L.Ed.2d 435 (1974)). *Marshall Durbin Farms* held that notice was constitutionally, as well as procedurally, insufficient. Its reasoning bears repeating in this case:

> Plaintiffs thrust the defendants into an impossible position insofar as both preparing and presenting an effective response to the motion for preliminary injunction. Prior to the hearing the defendants were obliged, within a few days, to undertake a task which was at least difficult and at most almost insurmountable.

Under rule 6(a), weekends and holidays may not be included in the computation of a five-day period. Billie received notice of the hearing two business days before it took place. Therefore, she did not receive sufficient notice under the federal rules. OTS presents a host of meritless arguments, which we address briefly, against this simple conclusion.

First, OTS contends that the order was not a preliminary injunction. Since the order purported to control Billie's behavior over an extended period of time, no other description is possible. *See Weitzman v. Stein,* 897 F.2d 653, 657 (2d Cir.1990) (describing almost identical order as injunction implicating due process concerns).

Second, it suggests that the federal rules do not apply to this type of injunction. This suggestion is erroneous. The Federal Rules of Civil Procedure apply to all actions, with certain exceptions not relevant here. *See* rule 1. Moreover, the requirements of rule 65 apply to all injunctions. *United States v. Thier,* 801 F.2d 1463, 1468 (5th Cir.1986), *modified on other grounds,* 809 F.2d 249 (5th Cir.1987).

Third, OTS contends that notice was not required because Billie was not a party to the action. OTS misinterprets the language of rule 65(a)(1), which requires notice to the "adverse party." When dealing with a preliminary injunction, the "adverse party" means the party adversely affected by the injunction, not the opponent in the underlying action. Since the motion requested a freeze of all of Billie's assets, she obviously was an adverse party and should have received proper notice of the hearing. *See Williams v. McKeithen,* 939 F.2d at 1105 (injunction against nonparties reversed because notice required under rule 65(a)(1) was not given).

> They were under the necessity of retaining counsel, locating the numerous persons and investigating the multitude of occurrences alleged in the complaint and separate affidavits, determining if there was evidence to controvert what was said to have occurred, and either procuring affidavits or arranging for live testimony from witnesses.

466 F.2d at 356–57.

Fourth, OTS argues that compliance with the five-day requirement of rule 6(d) was not necessary because Billie received actual notice of the hearing. There are two exceptional circumstances under which compliance with rule 6(d) is not required, but neither of these exceptions applies to this case. The notice requirement need not be followed strictly when no facts are in dispute. *See Commerce Park at DFW Freeport v. Mardian Constr. Co.,* 729 F.2d 334, 341 (5th Cir.1984). Since Billie had not been a party to the underlying action or submitted any discussion of facts and law to the court, there was no basis upon which the court could conclude that no fact was in dispute.

Also, where the party has received a long period of actual notice but no formal notice, rule 6(d) will not be enforced. *Atwood Turnkey Drilling v. Petroleo Brasileiro, S.A.,* 875 F.2d 1174, 1177 (5th Cir.1989), *cert. denied,* 493 U.S. 1075, 110 S.Ct. 1124, 107 L.Ed.2d 1030 (1990) (adverse party had been subject to a TRO more than one month earlier, knew that a hearing for preliminary injunction would be held, and refused opportunity to bring witnesses at a later date); *see also Herron v. Herron,* 255 F.2d 589, 593 (5th Cir.1958) (exception described but not applied). Neither the formal nor the actual notice accorded Billie conformed to the requirements of rule 6(d).

Finally, OTS argues that the notice complied with rule 6(d) because the court exercised its right to set a time period of less than five days. Although rule 6(d) permits a court to order a hearing with less than five days' notice, this exceptional order should indicate that the court is consciously setting an expedited hearing. In the instant case, there is no indication that the court intended to waive the five-day requirement; nor are there factual findings indicating the justification for holding the hearing on such short notice.

Although we remand this case for a new hearing, we do not vacate the order of constructive trust. At oral argument, Billie waived any objection to allowing the injunction to remain intact until she receives a full hearing with proper notice.

## III.

Billie contends that the district court does not have personal jurisdiction over her. Whether the district court has jurisdiction will depend upon the outcome of the new hearing. In the interests of judicial economy, we briefly explain the conditions under which personal jurisdiction will exist.

District courts have an inherent authority to enforce their injunctions, *Waffenschmidt v. MacKay,* 763 F.2d 711, 716 (5th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 794, 88 L.Ed.2d 771 (1986), and to preserve their ability to render judgment, *Commodity Futures Trading Comm'n v. Muller,* 570 F.2d 1296, 1300 (5th Cir.1978); *United States v. Hall,* 472 F.2d 261, 265 (5th Cir.1972). An injunction "not only binds the [ ] defendant but also those identified with [him] in interest, in "privity" with [him], represented by [him] or subject to [his] control." *Waffenschmidt,* 763 F.2d at 717 (quoting *Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 14, 65 S.Ct. 478, 481, 89 L.Ed. 661 (1945)). A district court consequently has jurisdiction over such persons. Conversely, "if a nonparty asserts an independent interest in the subject property and is not merely acting on behalf of the defendant, then rule 65(d) does not authorize jurisdiction over the party." *Waffenschmidt,* 763 F.2d at 718 (explaining *Heyman v. Kline,* 444 F.2d 65 (2d Cir.1971)).

Thus, the district court will have personal jurisdiction over Billie if it specifically finds that: Billie (1) knew about the injunction against her husband and (2) acted as his agent or aided and abetted him for the purpose of advancing his interest. This should be determined on remand.

This matter is REMANDED with instructions. The order of constructive trust shall remain in effect until such time as the district court has conducted the requisite hearing and has decided whether to vacate, modify, or reaffirm the entry of the order.