United States Court of Appeals,

Fifth Circuit.

No. 93-1936.

WESTERN WATER MANAGEMENT, INC., Plaintiff-Appellee,

v.

Charles P. BROWN, et al., Defendants-Appellants.

Dec. 15, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, GOLDBERG and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

After having been enjoined from manufacturing certain products, Defendants were found to be in contempt of that injunction. After another finding of contempt and a modification of the injunction, Defendants ask this Court to vacate the modified injunction and both contempt orders or to vacate and remand for a more specific injunctive order. For the following reasons, we affirm the contempt orders, vacate the modification to the injunction, reinstate the Amended Injunction, and remand.

I. BACKGROUND

Western Water Management originally sued Chem Craft Corporation and its officers, Charles Brown, Richard Hornack, and J.B. Rivers, alleging a conspiracy to steal Western's formulas for manufacturing water treatment products. Western proved that Defendants used formulas misappropriated from Western to make and sell waste treatment products under the Chem Craft name. The court issued a permanent injunction requiring Defendants to surrender all

1

copies of Western's formulas (introduced at trial as "Exhibit 58") and prohibiting Defendants from using or modifying Western's formulas to manufacture any products. As amended and affirmed by this Court, the injunction (the "Amended Injunction") provides as follows:

> IT IS, THEREFORE ORDERED that Defendants ... be and the same hereby are ordered to return to Western Water Management any and all copies of (1) Plaintiff's Trial Exhibit 58, the listing of Western Water Management, Inc.'s chemical product formulations, (2) Western Water formula No. 9715, and (3) any and all copies made therefrom....
>
> ... [Defendants] are directed forthwith to desist and refrain from disclosing the contents of Plaintiff's Trial Exhibit 58, the Western Water Management chemical product formulations, or Western Water formula No. 9715 to any individuals or entities ...;
>
> ... [Defendants] are restrained and enjoined from utilizing the formulations contained on Plaintiff's trial Exhibit 58, or Western Water formula No. 9715, or their modifications of those formulations, in Defendants' trade or business. This Order shall not preclude Defendants from utilizing formulations based upon or derived from other sources, or from selling single ingredient products or dilutions of single ingredient products, unless those dilutions are derived from Trial Exhibit 58.

7 R. at 1558-59.

Defendants formed a new entity known as Clearwater Industries, which began selling products formulated in violation of the Amended Injunction. Plaintiff moved for enforcement of the Amended Injunction and for contempt. A magistrate judge found that Clearwater was incorporated in an effort to hide Defendants' continuing contemptuous formulation and sales of water-treatment products, found Defendants in contempt, and recommended an order for production of business documents showing Defendants' sales revenues to determine the propriety of further monetary sanctions.

2

The court adopted the magistrate judge's recommendation in May 1992. Defendants moved for relief from and now appeal the May 1992 finding of contempt.

In August 1992 Western filed a second motion for contempt alleging Defendants' continued use of proprietary formulas and failure to produce documents. In September 1993 the court granted Western's second motion for contempt, denied Defendants' motion for relief from the first contempt order, and *sua sponte* modified the Amended Injunction (the "Modification"). The Modification deleted that portion of the injunction which stated,

> This Order shall not preclude Defendants from utilizing formulations based upon or derived from other sources, or from selling single ingredient products or dilutions of single ingredient products, unless those dilutions are derived from Trial Exhibit 58.

11 R. 2737. From this September 1993 order and the May 1992 contempt order, Defendants appeal.[1]

## II. CONTEMPT FINDINGS

### A. Specificity of the Injunction

Defendants first complain that the findings of contempt are erroneous because the Amended Injunction is unenforceable. The collateral attack on an injunction during contempt proceedings is

---

[1]Though a contempt decision is not final and appealable until the appropriate sanction for contempt has been ordered, *Petroleos Mexicanos v. Crawford Enterprises, Inc.,* 826 F.2d 392, 398 (5th Cir.1987), the modification of the injunction which is independently appealable makes the contempt order appealable as well. 28 U.S.C. § 1292(a)(1) (jurisdiction over interlocutory order modifying injunction); *Mercury Motor Express, Inc. v. Brinke,* 475 F.2d 1086, 1091 (5th Cir.1973) (court with interlocutory jurisdiction over injunctive order may decide other aspects of the order).

prohibited if earlier review of the injunction was available. *See United States v. Ryan,* 402 U.S. 530, 532 n. 4, 91 S.Ct. 1580, 1582 n. 4, 29 L.Ed.2d 85 (1971); *see also NLRB v. Union Nacional de Trabajadores,* 611 F.2d 926, 928 n. 1 (1st Cir.1979).

In their previous appeal, Defendants argued that the Amended Injunction improperly imposed "an overbroad blanket prohibition" against their use of Western's product formulas. Defendants claim that despite their previous attack on the Amended Injunction via appeal, they may now in these contempt proceedings collaterally attack the Amended Injunction as vague or overbroad.[2] We disagree. We see no reason to reopen consideration of the issue.[3]

B. The First Contempt Order

In the first contempt order the court found that Defendants failed to return all copies of Western's formulas and made formulas copied from Western in violation of the injunction. Defendants moved for relief from this contempt order under Rule 60(b)(5) on the basis of equitable reformation. Rule 60(b)(5) authorizes relief from a final judgment or order when "it is no longer equitable that the judgment should have prospective application." In reviewing a request for relief under Rule 60(b)(5), "We are not framing a decree. We are asking ourselves whether anything has

---

[2]Fed.R.Civ.P. 65(d) provides, "Every order granting an injunction ... shall be specific in its terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."

[3]*See Union Nacional de Trabajadores,* 611 F.2d at 928 n. 1 (allowing no exception to the rule against collateral attacks where the injunction has already been appealed).

4

happened that will justify us now in changing a decree." *United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). Defendants have not met their burden of establishing this equitable ground for relief. *See id.* ("The inquiry ... is whether the changes are so important that dangers, once substantial, have become attenuated to a shadow."); *see also* 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2863 (1973) ("It is clear that a strong showing is required before an injunction or other prospective judgment will be modified.").

## C. The Second Contempt Order

Defendants contend that the second contempt order is based on clearly erroneous findings or evidentiary errors. The court found, contrary to Defendants' evidence at the second contempt hearing, that certain formulas originated with Plaintiff rather than other competitors in the industry. Defendants first complain of the district judge's remark that Defendants did not argue before the magistrate judge that formulas were derived from other sources. The court considered the failure to present the argument earlier only in making its credibility determination, not in refusing to admit evidence. *See* Sept. 1993 contempt order, 11 R. 2727. Using a belated assertion in making credibility determinations is not an improper evidentiary ruling.

Defendants also assert error in the court's consideration of rebuttal evidence of other sources, namely, Plaintiff's belatedly submitted affidavits. After an evidentiary hearing, the court gave

the parties the opportunity to make "further written submission" to the court, and Western's affidavits from the competitors (attesting that Defendants' use of their formulas was not permitted) followed.

These affidavits were cumulative to impeach the credibility of Defendants' evidence suggesting new sources of formulas. Considering that the affidavits were both cumulative and uncontroverted, the court's consideration of the affidavits was not an abuse of discretion. *See Hoffman ex rel NLRB v. Beer Drivers & Salesmen's Local Union No. 888,* 536 F.2d 1268, 1277 (9th Cir.1976) (uncontroverted affidavits may be treated as true).

Defendants also contend that the court clearly erred in finding Defendants' noncompliance with the order to surrender documents and in finding that they wrongfully used formula numbers CC 1105 and CC 6190. These issues were decided as a matter of fact by the court, and Defendants have not demonstrated that such findings are clearly erroneous.

III. MODIFICATION OF THE AMENDED INJUNCTION

Defendants also complain of the district court's *sua sponte* modification of the Amended Injunction, tightening restrictions on Defendants' actions without prior notice. Although a district court retains jurisdiction to modify an injunction to the defendants' detriment under certain circumstances,[4] we find no authority allowing such a modification to be made without notice.

---

[4]*E.g., Exxon Corp. v. Texas Motor Exchange of Houston, Inc.,* 628 F.2d 500, 503 (5th Cir.1980) (recognizing that an injunction may be modified to impose more stringent requirements on the defendant when the original purposes of the injunction are not being fulfilled in any material respect).

6

Rule 65 provides stringent notice requirements for issuance of injunctive relief.[5]

Though Defendants had requested relief from the injunction, they were not on notice of the modification imposed on the court's own motion. Not having notice of any broader scope of the hearing than the notice they sent and Plaintiff's notice on the second contempt motion, "they were therefore unprepared and not on notice to oppose the [modified] injunction issued at that hearing." *Williams v. McKeithen,* 939 F.2d 1100, 1005 (5th Cir.1991) (vacating court's sua sponte issuance of second order injoining defendants at hearing held on notice of defendants' motion to vacate first injunction because of lack of notice of the court's intended action); *see also Spangler v. Pasadena City Bd. of Educ.,* 537 F.2d 1031, 1036 n. 8 (9th Cir.1976) (Wallace, J., dissenting) ("[E]ven if the district court had power to modify the injunction sua sponte, it could not do so without providing prior notice."). We hold that the district court abused its discretion in modifying the

---

[5]*See* Fed.R.Civ.P. 65(a) (forbidding issuance of preliminary injunction without notice) and (b) (allowing for issuance of temporary restraining order without notice only under exceptional circumstances); *see also Parker v. Ryan,* 960 F.2d 543, 544 n. 1 (5th Cir.1992) (recognizing that Rule 65(a)'s notice requirement is constitutionally required).

Notice requirements for permanent injunctions are also stringent. *See Nationwide Amusements, Inc. v. Nattin,* 452 F.2d 651, 652 (5th Cir.1971) (requiring notice of court's consolidation pursuant to Rule 65(a)(2) of the trial of permanent injunction with the hearing of preliminary injunction); *Puerto Rican Farm Workers ex rel. Vidal v. Eatmon,* 427 F.2d 210, 210-11 (5th Cir.1970) (same); *see also United States v. Crusco,* 464 F.2d 1060, 1062-63 (3d Cir.1972) (holding that permanent injunction is not available without notice to the adverse party).

Amended Injunction, because the Modification was not preceded by appropriate notice and an opportunity for hearing.

The Modification to the Amended Injunction is vacated, and the Amended Injunction reinstated. The contempt orders are in all other respects affirmed. The matter is remanded for such further proceedings as necessary on the modification after due notice.

AFFIRMED IN PART;  VACATED IN PART;  Amended Injunction REINSTATED;  REMANDED.