46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 PHILLIPS COMPANY, named: The Phillips Company, Plaintiff-Appellee,
v.
The DENVER AND RIO GRANDE WESTERN RAILROAD COMPANY, a
Delaware corporation, Defendant-Appellant.
 Nos. 94-1070, 94-1115.
 United States Court of Appeals, Tenth Circuit.
 Jan. 20, 1995.
 Before ANDERSON, BALDOCK, and
 ORDER AND JUDGMENT[1]
 BRORBY
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 In these appeals, defendant challenges injunctive relief entered sua sponte by the district court. Plaintiff commenced this declaratory judgment action, see 28 U.S.C. 2201, claiming that defendant had abandoned a portion of the right of way granted it by the United States to operate a railroad from Glenwood Springs to Woody Creek, Colorado. As relief, plaintiff, the owner of land through which a portion of that right of way passes, sought 1)a declaratory judgment resolving whether the district court or the Interstate Commerce Commission (ICC) has authority to determine whether defendant had abandoned the right of way; 2)a judgment declaring that, in light of defendant's abandonment, plaintiff, as a successor in interest, is entitled to the United States' reversionary interest in the right of way, see 43 U.S.C. 912, and, thus, quieting title to the subject property in plaintiff; and 3)an order ejecting defendant from the right of way.
 
 
 3
 Upon plaintiff's motion, the district court issued a temporary restraining order precluding defendant from changing the condition of the right of way for ten days in order to allow plaintiff's experts to gather evidence concerning the condition of the right of way at the time of the initiation of this litigation. Following the expiration of that temporary restraining order, defendant moved for dismissal of the complaint without prejudice, arguing that only the ICC has authority to determine whether defendant had abandoned the right of way. See 49 U.S.C. 10903(a).
 
 
 4
 The district court denied the motion to dismiss, but referred the issue of abandonment to the ICC, citing 28 U.S.C. 1336(b), and stayed this federal litigation pending the ICC's determination. Defendant appeals from that interlocutory order, appeal No.94-1070, challenging only the portion of the district court's decision that directed "that the parties shall not destroy any evidence, including but not limited to unrepaired tracks and trestles, and eroded areas, without further order of this Court" and further ordered "that neither party shall file any ejectment action against the other party in any court." Appellant's App. at 92.
 
 
 5
 Defendant also filed with the district court a motion to dissolve the injunctive relief granted by the district court's order, again challenging those same two provisions. Defendant appeals the district court's denial of that motion in appeal No.94-1115.
 
 
 6
 This court has jurisdiction to consider these appeals under 28 U.S.C. 1292(a)(1) because the relief involved is injunctive in nature. "We will not set aside a preliminary injunction on appeal '[u]nless the district court abuses its discretion, commits an error of law, or is clearly erroneous in its preliminary factual findings.' " Autoskill Inc. v. National Educ. Support Sys., Inc., 994 F.2d 1476, 1487 (10th Cir.) (quoting Hartford House, Ltd. v. Hallmark Cards, Inc., 846 F.2d 1268, 1270 (10th Cir.), cert. denied, 488 U.S. 908 (1988)), cert denied, 114 S.Ct. 307 (1993).
 
 
 7
 The question presented by these appeals is whether the district court erred in sua sponte granting a preliminary injunction, without giving defendant notice that it was considering injunctive relief and an opportunity to address the need for a preliminary injunction. Federal Rule of Civil Procedure 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." "The purpose of this requirement is to give the opposing party a fair opportunity to oppose the preliminary injunction." Weitzman v. Stein, 897 F.2d 653, 657 (2d Cir.1990)(quotation omitted). Because "[c]ompliance with rule 65(a)(1) is mandatory," Parker v. Ryan, 960 F.2d 543, 544 (5th Cir.1992), we vacate the preliminary injunction at issue here and remand the case to the district court. See Williams v. McKeithen, 939 F.2d 1100, 1105-06 (5th Cir.1991) (vacating preliminary injunction issued without proper notice); Weitzman, 897 F.2d at 657-58 (holding that, assuming arguendo district court had authority sua sponte to issue injunction requiring preservation of assets during pendency of litigation, lack of notice to adversely affected party required vacatur of injunction); Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 130-31 (5th Cir.1990) (dissolving preliminary injunction entered by district court without notice to adverse party).
 
 
 8
 On appeal, plaintiff argues that the hearing held on plaintiff's motion for a temporary restraining order sufficed to meet the procedural requirements of Rule 65(a)(1) for the issuance of a preliminary injunction. See generally New Jersey Dep't of Envtl. Protection v. Briar Lake Dev. Corp., 736 F.Supp. 62, 65 n. 3 (D.N.J.1990)("A hearing on a temporary restraining order may be converted into a hearing on a preliminary injunction when there is notice and the hearing is adversarial."), aff'd, 961 F.2d 210 (3d Cir.1992). The hearing on the temporary restraining order occurred five months prior to the district court's sua sponte issuance of the injunctive relief at issue here. At that hearing, plaintiff's counsel represented to the court that ten days would be an adequate time in which to preserve the evidence and further indicated that a preliminary injunction would not be necessary. Appellant's App. at 64. Neither the court nor the parties specifically addressed the issue of enjoining defendant indefinitely from making changes and repairs to the right of way. Further, the issue of possible litigation in other forums was never raised. The hearing on the temporary restraining order, therefore, cannot satisfy Rule 65(a)(1)'s procedural requirements of notice and an opportunity to respond necessary to support the district court's later order granting injunctive relief.
 
 
 9
 The preliminary injunction issued by the United States District Court for the District of Colorado is, therefore, VACATED, and these causes are REMANDED to the district court for further proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470