74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen AMELKIN, Broadway Chiropractic; Brian Christopher
Fee, Dr., Chiropractor; Stuart Lyon; Nicolas Baker; David
Kaplan; James W. Chambers; Sidney Hanish; Rhoda Daniels;
Thomas H. Watson; Kenneth W. Wall; James Bogard, doing
business as Bogard & Associates, Plaintiffs-Appellees,
v.
Ann McCLURE, Document Custodian Kentucky State Police Post #
4; Jerry Lovitt, Commissioner of Department of State
Police, Commonwealth of Kentucky; Chris Gorman, Attorney
General of the Commonwealth of Kentucky, Defendants-Appellants.
 No. 94-6161.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1996.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 SUHRHEINRICH, Circuit Judge.
 
 
 1
 Defendants Jerry Lovitt, commissioner of the Kentucky state police, Christopher Gorman, Kentucky's attorney general, and Ann McClure, a clerk at a local state police post,[1] appeal from the district court's preliminary injunction enjoining enforcement of Act of April 11, 1994, 1994 Ky.Rev.Stat. & R.Serv. 478 (Baldwin) ("Senate Bill 351"). Subject to certain exceptions, Senate Bill 351 amends Ky.Rev.Stat.Ann Sec. 189.635 (Baldwin Supp.1995) to restrict access to state-maintained motor vehicle accident reports. Plaintiffs are eleven individuals who seek to use these reports to solicit clients. The district court granted plaintiffs' motion for preliminary injunction on the ground that Senate Bill 351 violates the First Amendment.
 
 
 2
 Defendants raise several issues on appeal, including: (1) whether plaintiffs have presented a justiciable claim; (2) whether defendants were given adequate notice and opportunity to respond to the motion for preliminary injunction; and (3) whether the district court correctly ruled that Senate Bill 351 violates plaintiffs' First Amendment right to engage in commercial speech. We hold that plaintiffs presented a justiciable claim with respect to each of the separate provisions of Senate Bill 351. We conclude, however, that Lovitt was not given adequate opportunity to oppose plaintiffs' motion. Because this issue is dispositive, we do not reach defendants' other assignments of error. The preliminary injunction is DISSOLVED and the issue REMANDED to the district court.
 
 BACKGROUND
 
 3
 Kentucky law requires motorists involved in certain kinds of accidents and/or law enforcement officers investigating such accidents to file motor vehicle accident reports with the Kentucky Department of State Police. Ky.Rev.Stat.Ann. Sec. 189.635. These reports require that certain information be disclosed, including the names and addresses of the operators of the vehicles involved, the results of chemical tests administered, and a description of the accident.
 
 
 4
 In 1994, Kentucky passed Senate Bill 351 which amended Sec. 189.635 to read in relevant part as follows (the underlined portion is the amendment added by Senate Bill 351):
 
 
 5
 (5) All accident reports filed with the Department of State Police in compliance with subsection (4) above shall remain confidential except that the department may disclose the identity of a person involved in an accident when his identity in not otherwise known or when he denies his presence at an accident. All other accident reports required by this section, and the information contained in the reports, shall be confidential and exempt from public disclosure except when produced pursuant to a properly executed subpoena or court order, or except pursuant to subsection (6) of this section. These reports shall be made available only to the parties to the accident, the parents or guardians of a minor who is party to the accident, and the insurers of any party who is the subject of the report, or to the attorneys of the parties.
 
 
 6
 (6) The report shall be made available to a news-gathering organization, solely for the purpose of publishing or broadcasting the news. The news-gathering organization shall not use or distribute the report, or knowingly allow its use or distribution, for a commercial purpose other than the news-gathering organization's publication or broadcasting of the information in the report. A newspaper, periodical, or radio or television station shall not be held to have used or knowingly allowed the use of the report for a commercial purpose merely because of its publication or broadcast.
 
 
 7
 (Emphasis added.) The amendment became effective July 15, 1994.
 
 
 8
 Plaintiffs are eight attorneys and two chiropractors who have in the past used vehicle accident reports filed with the Kentucky Department of State Police to solicit clients. The eleventh plaintiff, James Bogard, is in the business of supplying information contained in the vehicle accident reports to lawyers and other professionals. All eleven claim an intent to continue their past practices.
 
 
 9
 In addition, Bogard alleges an intent to publish a newsletter entitled "The Accident Journal." He claims that the newsletter will contain copies of accident reports and that it will be marketed primarily to attorneys. Other than a mock-up presented to the district court, he has taken no steps towards the publication of this periodical.
 
 
 10
 Plaintiffs filed the instant action on June 6, 1994, at which time they also filed a motion for a preliminary injunction to enjoin enforcement of Senate Bill 351. The sole named defendant was Ann McClure, a clerk at a local state police post.[2] The district court held a hearing on plaintiffs' motion on July 14, 1994. Based on arguments made by McClure's attorney, the court concluded that the proper defendant was not McClure but Jerry Lovitt, commissioner of the Kentucky state police. See Ky.Rev.Stat.Ann. Secs. 189.635(1) and 61.870(5) (Baldwin Supp.1995).[3] As a result, the district court entered an order delaying adjudication of the merits of plaintiffs' motion until Lovitt had been joined as a party and properly served. Plaintiffs amended their complaint to add Lovitt and Christopher Gorman, Kentucky's attorney general. On August 2, 1994, after Lovitt and Gorman had been served but two days before they answered plaintiffs' amended complaint, the district court granted the motion for preliminary injunction.
 
 
 11
 At the preliminary injunction hearing, plaintiffs argued that Senate Bill 351 imposes a direct restraint on the speech of "news-gathering organizations" and, when read in its entirety, constitutes an indirect attempt to restrict direct-mail solicitation by attorneys and other business people. On the merits, McClure countered that Senate Bill 351 merely restricts access to government records and does not implicate the First Amendment. Alternatively, McClure contended that Senate Bill 351 is a justified restriction on commercial speech given Kentucky's substantial interest in protecting the privacy of motorists.
 
 
 12
 The district court characterized Senate Bill 351 as a content-based restriction on commercial speech subject to intermediate scrutiny. See Florida Bar v. Went For It, Inc., 115 S.Ct. 2371, 2375-76 (1995) (reiterating the test for content-based restrictions on commercial speech). It then concluded that Sec. 189.635 as amended is not narrowly tailored to meet Kentucky's asserted privacy interest because the statute permits newspapers to publish the accident reports. Therefore, the district court enjoined enforcement of Senate Bill 351.
 
 ANALYSIS
 A. Standing and Ripeness
 
 13
 To establish standing, a plaintiff must allege and prove an actual or threatened injury, a causal connection between that injury and the defendant's conduct, and redressability. Greater Cincinnati Coalition for the Homeless v. City of Cincinnati, 56 F.3d 710, 715 (6th Cir.1995). The issue of standing is a question of law reviewed de novo on appeal. Id.
 
 
 14
 Section 189.635(5) bars access to the motor vehicle accident reports except for, inter alia, the parties themselves, their attorneys, and insurers of those involved. Section 189.635(6) contains an added exception for "news-gathering organizations" provided that these organizations do not permit the information in the accident reports to be used for commercial speech purposes. Defendants contend that there is no case or controversy as required by Article III of the U.S. Constitution because, at the time of the filing of suit, plaintiffs had not been refused access and had therefore not suffered any injury. Even if plaintiffs had standing to challenge Sec. 189.635(5), defendants contend that plaintiffs did not have standing to challenge Sec. 189.635(6) because Bogard, who is not currently a publisher and who has merely alleged an intent to publish, set forth only a hypothetical claim.
 
 
 15
 "A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Babbit v. United Farm Workers National Union, 442 U.S. 289, 298 (1979). A plaintiff need not actually suffer the harm, however, provided that the injury is sufficiently certain to occur. Id.; Whitmore v. Arkansas, 495 U.S. 149, 158 (1990) (indicating that the harm must be "certainly impending"). This is especially true where First Amendment rights are implicated because of the fear that speech will be chilled before the law, regulation, or policy is enforced. Greater Cincinnati, 56 F.3d at 715-16; Hallandale Professional Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 760 (11th Cir.1991).
 
 
 16
 We hold that plaintiffs had standing to challenge Sec. 189.635(5). Although plaintiffs initiated this action before Senate Bill 351 became effective, the alleged harm, i.e., the denial of access and the consequent restriction on speech, was virtually certain to occur. At the time of filing, Senate Bill 351 had already been enacted and would become effective in less than sixty days. Further, it is undisputed that plaintiffs had in the past obtained accident records and that, but for the amendment to Sec. 189.635, they would continue to do so. In light of defendants' stated intent to enforce Senate Bill 351, we conclude that the harm alleged by plaintiffs was sufficiently imminent to satisfy the injury in fact element of standing with respect to Sec. 189.635(5). See Briggs v. Ohio Elections Comm'n, 61 F.3d 487, 491-92 (6th Cir.1995) (standing to challenge election law exists where plaintiff intended to run for office in future and where the elections committee stated that plaintiff's past violation of the law would be used in any future investigation).
 
 
 17
 The closer question is whether Bogard has standing to challenge Sec. 189.635(6). Standing requirements are relaxed in the context of the First Amendment, but a plaintiff must still allege an injury which is real and imminent and not conjectural or hypothetical. Greater Cincinnati, 56 F.3d at 716. The less likely a plaintiff is to engage in a proscribed activity, and/or the more vague his intentions, the less real and imminent the harm becomes. See, e.g., id. at 716 (no standing where plaintiff disavows intent to violate statute); Hallandale Professional Fire Fighters, 922 F.2d at 761-62 (public employees do not have standing to challenge a statute restricting speech where they fail to allege an intent to violate the statute or to state clearly what they intend to say). Arguably, Bogard has not suffered any greater harm than the public at large because he has yet to take any significant steps towards publishing his newsletter and therefore has not suffered the requisite injury in fact.
 
 
 18
 Bogard alleges an intention to publish a newsletter containing the accident reports. To the extent that Sec. 189.635(6) prohibits this kind of publication, and thereby deters Bogard from becoming a publisher, he has suffered a direct restriction on his freedom of speech. See Sequoia Books, Inc. v. Ingemunson, 901 F.2d 630 (7th Cir.) (self-censorship caused by prescriptive statute constitutes a direct harm where there is a threat it will be enforced against plaintiff), cert. denied, 498 U.S. 959 (1990). Bogard cannot be faulted for failing to invest labor and capital in furtherance of his newsletter when, at the time of the suit, the venture would shortly become prohibited by law. Therefore, we hold that Bogard does have standing.
 
 
 19
 In addition, we must determine whether Bogard's challenge to 189.635(6) is ripe. Unlike standing, which involves who may bring suit, ripeness depends on whether the facts are sufficiently developed to permit adjudication. Hallandale Professional Fire Fighters, 922 F.2d at 760 n. 3. Ripeness turns on a two-part test involving "the fitness of the issues for judicial determination and the hardship to the parties of withholding consideration." Action for Children's Television v. FCC, 59 F.3d 1249, 1258 (D.C.Cir.1995) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148-49 (1967)), petition for cert. filed, 64 U.S.L.W. 3298 (U.S. Oct. 16, 1995) (No. 95-620). A case is relatively more fit for judicial review if it involves few contingent future events and/or depends largely on matters of law. New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1499 (10th Cir.1995). The customary ripeness analysis is relaxed in cases involving a facial challenge to a statute on First Amendment grounds.
 
 
 20
 First Amendment rights of free expression and association are particularly apt to be found ripe for immediate protection, because of the fear of irretrievable loss. In a wide variety of settings, courts have found First Amendment claims ripe, often commenting directly on the special need to protect against any inhibiting chill.
 
 
 21
 Id. at 1500 (quoting 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure Sec. 3532.3 at 159 (2d ed. 1984)).
 
 
 22
 We conclude that Bogard's claim is ripe for review. As defendants themselves note, this case turns largely on matters of law and not on contingent matters of fact; at the heart of this controversy is whether Sec. 189.635(6) violates the First Amendment. Granted, Bogard has taken few steps towards publishing his newsletter. The issues presented and their resolution, however, would not be any clearer had Bogard performed additional acts.
 
 
 23
 Further, failure to consider Bogard's claim imposes unnecessary hardship on Bogard. The question of hardship typically turns upon whether the challenged action creates " 'a direct and immediate' dilemma for the parties." El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 496 (1st Cir.1992) (citation omitted). Here, the dilemma faced by Bogard is this: invest labor and capital in a venture which is currently prohibited by law, or make no such effort and suffer a restriction on his speech. Because the issue is largely one of law and because Bogard faces a current dilemma, we find that Bogard's challenge to Sec. 189.635(6) is ripe for review.
 
 B. Notice
 
 24
 Lovitt and Gorman argue that they were given inadequate opportunity to oppose plaintiffs' motion in violation of Rule 65(a) of the Federal Rules of Civil Procedure. Plaintiffs contend that, as a practical matter, the interests of Lovitt and Gorman were adequately represented by McClure at the July 14, 1995 hearing. We review for abuse of discretion a district court's determination that the parties received notice of the preliminary injunction sufficient to satisfy Fed.R.Civ.P. 65(a). Illinois v. Peters, 871 F.2d 1336, 1340 (7th Cir.1989); United States v. Alabama, 791 F.2d 1450, 1458 (11th Cir.1986) (citing Corrigan Dispatch Co. v. Casa Guzman, S.A., 569 F.2d 300, 302 (5th Cir.1978), cert. denied, 479 U.S. 1085 (1987)).
 
 
 25
 Rule 65(a) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ.P. 65(a). This notice requirement implies "a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." Williams v. McKeithen, 939 F.2d 1100, 1105 (5th Cir.1991) (quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 433 n. 7 (1974)); Reed v. Cleveland Bd. of Educ., 581 F.2d 570, 573 (6th Cir.1978) (Rule 65 "contemplates that the issuance of a preliminary injunction shall be upon notice to the adverse party and after a hearing. A hearing embodies the right to be heard on the controverted facts, as well as upon the law." (citation omitted)).
 
 
 26
 The requirements of Rule 65(a) are not mere procedural formalities. Rather, these requirements are grounded in the fundamental values of our judicial system. Cf. Phillips v. Chas. Schreiner Bank, 894 F.2d 127, 131 (5th Cir.1990) (Rule 65(b)'s restriction on ex parte "temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard...." (quoting Granny Goose Foods, 415 U.S. at 439)). Thus, courts have not hesitated to dissolve a preliminary injunction issued without sufficient notice or opportunity to contest issues of fact or of law. See, e.g., Western Water Management, Inc. v. Brown, 40 F.3d 105, 109 (5th Cir.1994) (order modifying injunction invalid where adversely affected party not given notice that contempt hearing could result in modification of injunction); Parker v. Ryan, 960 F.2d 543, 545 (5th Cir.1992) (order freezing assets of the defendant's former wife, who was not a party to the action, invalid where formal notice of the hearing was received two business days prior to hearing).
 
 
 27
 In the case at bar, the district court concluded that Lovitt and not McClure was the proper person to defend Senate Bill 351. Neither party challenges this ruling on appeal. Therefore, Lovitt had a right to argue on his own behalf against the preliminary injunction pursuant to Fed.R.Civ.P. 65(a).
 
 
 28
 Although the district court recognized Lovitt as the proper defendant, it issued its order without permitting Lovitt to contest the injunction. Plaintiffs correctly note that the court withheld adjudication of the merits until after Lovitt had been served. But merely delaying adjudication is meaningless where, as here, the adversely affected party is not given the chance to argue his position. Because the district court recognized Lovitt's interest in the preliminary injunction but failed to afford Lovitt an opportunity to be heard, we conclude that the grant of the preliminary injunction was an abuse of discretion in violation of Rule 65(a).
 
 
 29
 Plaintiffs contend that Lovitt's interests were adequately represented by McClure. Specifically, they argue that McClure, in defending herself, put forth all of the relevant arguments in support of Senate Bill 351. According to plaintiffs, the fact that McClure and not Lovitt made these arguments is irrelevant because it is ultimately the state's interests which are at stake. Plaintiffs note that Lovitt's attorney, Lucy Richardson, was McClure's attorney at the preliminary injunction hearing. Plaintiffs further point out that the validity of Senate Bill 351 is largely a legal issue and does not involve facts unique to Lovitt.
 
 
 30
 All parties agree that the proper defendant is the commissioner of state police, who in this case is Lovitt. An injunction against McClure, a clerk at a local state police office, would be both improper and meaningless because she does not have authority to comply with the court order. Accordingly, McClure has less incentive to defend the validity of Senate Bill 351 than does Lovitt. In addition, because McClure is an improper party, she has different litigation strategies available to her. For example, one of McClure's first arguments at the preliminary injunction hearing was that she is an improper party, an argument which she has repeatedly put forth during the course of this litigation. In short, the interests of Lovitt and McClure are not so closely aligned that we will indulge in the fiction that Lovitt was constructively represented by McClure. The fact remains that Lovitt was simply not given an opportunity to oppose plaintiffs' motion for preliminary injunction and therefore the injunction must be dissolved.
 
 
 31
 At oral argument and in briefs filed subsequently, the parties disagreed as to whether Gorman is subject to the preliminary injunction and thus whether he was entitled to notice prior to the issuance of the court's order. In light of our decision to dissolve the preliminary injunction and remand for a new hearing, the issue is moot and therefore we do not address it.
 
 CONCLUSION
 
 32
 We DISSOLVE the district court's preliminary injunction and REMAND the issue to district court for a new hearing. We express no opinion on the merits of this litigation or the appropriateness of a preliminary or permanent injunction.
 
 
 
 [1]
 Plaintiffs concede that McClure is not a proper defendant. See Ky.Rev.Stat.Ann. Secs. 189.635(1) and 61.870(5) (Baldwin Supp.1995). Subsequent to the filing of this appeal, the district court dismissed McClure
 
 
 [2]
 Lucy Richardson, Deputy General Counsel for the Justice Cabinet, has represented both McClure and Jerry Lovitt throughout their entire involvement in this litigation
 
 
 [3]
 Ky.Rev.Stat.Ann. Sec. 189.635 states in relevant part:
 (1) The Justice Cabinet, Department of State Police, shall be responsible for maintaining a reporting system for all vehicle accidents which occur within the Commonwealth.
 KyRev.Stat.Ann. Sec. 61.870 states in relevant part:
 (5) "Official custodian" means the the chief administrative officer or any other officer or employee of a public agency who is responsible for the maintenance, care and keeping of public records....