# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30961

United States Court of Appeals
Fifth Circuit

**FILED**
March 4, 2015

Lyle W. Cayce
Clerk

In the Matter of:  DOROTHY MARIE WHEELER,

Debtor

------------------------------

DOROTHY MARIE WHEELER,

Appellee

v.

GLAY H. COLLIER, II; THOMAS C. MCBRIDE; MCBRIDE & COLLIER,

Appellants

Appeal from the United States District Court
for the Western District of Louisiana
U.S.D.C. No. 5:11-CV-01670

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:*

Appellants Glay H. Collier, II, Thomas C. McBride, and McBride & Collier appeal the district court's contempt order. The district court ordered

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30961

Appellants 1) to pay $10,000 in sanctions for contempt and 2) to cease and desist filing and advertising Chapter 7 consumer "No Money Down" bankruptcies.[1] Because Appellants did not receive notice that the hearing was being held for the purpose of issuing criminal-contempt sanctions or an injunction, we vacate the district court's order insofar as it issues criminal sanctions and enjoins Appellants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Collier and McBride were partners of the law firm McBride & Collier.[2] Collier advertised and performed "No Money Down" bankruptcies, whereby he would pay the court costs up front.[3] Collier represented Dorothy May Wheeler in a Chapter 7 bankruptcy proceeding.

Wheeler then filed an adversarial complaint against Collier, McBride, and the firm. Wheeler alleged, *inter alia*, that Collier debited her bank account after the filing of the bankruptcy petition, in violation of 11 U.S.C. § 362 and § 524.[4] Wheeler further alleged Appellants acted as "debt relief agencies," and therefore violated 11 U.S.C. §§ 526(c) and 528(a) by failing to provide Wheeler with clear fee agreement.[5] Appellants filed a motion to dismiss, which the Bankruptcy court denied.[6] They then filed a request for a jury trial[7] and the case proceeded in the United States District Court for the Western District of Louisiana.[8]

On June 12, 2014, the district court held a status conference. The corresponding minute entry states:

---

[1] ROA.3195–96.
[2] *See* ROA.2883–84.
[3] ROA.3266–67
[4] ROA.98; ROA.105–07.
[5] ROA.108–10.
[6] ROA.356–57.
[7] ROA.381.
[8] *See* ROA.397.

2

No. 14-30961

The court determined that an oral argument and evidence hearing will be held in this matter on July 14, 2014, beginning at 9:30 a.m. Counsel shall be prepared to present evidence and argue: (1) whether Defendants violated 11 USC § 528, and (2) whether the Defendants should be held in contempt under § 105 for violating the discharge injunction under 11 USC §[ ]524(a)(2).

The court also set a pretrial conference for August 20th and reset the jury trial for October 21st. [9]

At the July 14th hearing, Collier testified about his bankruptcy practice and his representation of Wheeler.[10] After the hearing, the district court entered judgment and closed the case. The district court found Appellants in violation of 11 U.S.C. §§ 526 and 528 and found them in contempt under 11 U.S.C. § 105 for violating 11 U.S.C. § 524(a)(2). The court awarded to Wheeler $1,300 in disgorgement, $10,000 in damages "under the equity power of Section 105," $30,000 in punitive damages, and attorney's fees.[11]

The district court also awarded "$10,000 as sanctions for contempt, payable to the Clerk of the Court." Finally, "as part of the sanctions imposed," the court ordered Appellants 1) "to cease and desist all Chapter 7 consumer 'No Money Down' bankruptcies" and 2) to "remove or cancel all advertising in all media of 'No Money Down' Chapter 7 consumer bankruptcies." The court stated the advertisements "shall not resume without prior written orders of this court."[12] Collier, McBride, and the firm now appeal the $10,000 sanction and the injunctions.

## II. DISCUSSION

We have jurisdiction over this appeal of a final judgment pursuant to 28 U.S.C. § 1291. "We review a contempt order for abuse of discretion, and we

---

[9] ROA.2852–53.

[10] ROA.3465–69.

[11] Appellants have since settled with Wheeler. *See* Blue Br. 19.

[12] ROA.3195–96.

No. 14-30961

review the district court's underlying factual findings under the clearly erroneous standard." *FDIC v. LeGrand*, 43 F.3d 163, 166 (5th Cir. 1995). We also "review the district court's grant of an injunction for an abuse of discretion, and underlying questions of law *de novo*." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).

## A.    The Monetary Sanction

The district court ordered Appellants to pay $10,000 in sanctions to the Clerk of the Court. Appellants argue that this constitutes a criminal-contempt sanction and that the court failed provide sufficient notice that it was holding a hearing for criminal contempt.

### 1.    *Nature of the Sanction*

The sufficiency of notice hinges on whether the district court's sanction constituted a criminal- or civil- contempt judgment. A court's "contempt order or judgment is characterized as either civil or criminal depending upon its primary purpose." *In re Bradley*, 588 F.3d 254, 263 (5th Cir. 2009) (quoting *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990)). A sanction is criminal if its purpose "is to punish the contemnor and vindicate the authority of the court." *Lamar*, 918 F.2d at 566. A sanction is civil, on the other hand, if its purpose is to "coerce the contemnor into compliance with a court order, or to compensate another party for the contemnor's violation." *Id.*; *see also In re Bradley*, 588 F.3d at 263. "A key determinant to this inquiry is whether the penalty imposed is absolute or conditional on the contemnor's conduct." *Lamar*, 918 F.2d at 566.

For example, "a lump sum fine that punishes past conduct is criminal, while a fine that accrues on an ongoing basis in response to noncompliance is civil." *In re Bradley*, 588 F.3d at 263; *accord Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) ("A flat, unconditional fine . . . announced after a finding of contempt is criminal if the contemnor has no

4

subsequent opportunity to reduce or avoid the fine through compliance." (internal quotation marks omitted)).

We hold that the $10,000 in sanctions constitutes a criminal-contempt sanction. It is not compensatory, as it was payable to the Clerk of the Court. *See In re Bradley*, 588 F.3d at 264 ("The present proceeding is a remedial civil contempt proceeding, because the bankruptcy court held [the contemnor] liable to the bankruptcy estate rather than imposing a fine payable to the court."). Nor is it remedial because it "does not remedy the consequences of defiant conduct," *id.* at 263–64. Moreover, the sanction is unconditional and punitive, as it was not dependent on Appellants' future conduct. *See Lamar*, 918 F.2d at 566 ("The [sanction] had a purely punitive purpose because it was not conditioned upon the future conduct of the [contemnors]."); *United Mine Workers*, 512 U.S. at 829. Because the district court issued a criminal-contempt sanction, we now address whether Appellants were provided with sufficient notice prior to the hearing.

### 2.    *Notice*

In a minute entry, the district court described the July 14th hearing as follows:

> The court determined that an oral argument and evidence hearing will be held in this matter on July 14, 2014, beginning at 9:30 a.m. Counsel shall be prepared to present evidence and argue: (1) whether Defendants violated 11 USC § 528, and (2) whether the Defendants should be held in contempt under § 105 for violating the discharge injunction under 11 USC §[ ]524(a)(2).[13]

Appellants argue that this was insufficient to provide notice of a criminal-contempt proceeding. We agree.

---

[13] ROA.2852.

No. 14-30961

Even where the district court has the power to issue a criminal-contempt sanction, "procedures are mandated which protect the contemnor's constitutional rights." *Lamar*, 918 F.2d at 567. Federal Rule of Criminal Procedure 42(a) requires that the contemnor have notice that the proceeding is criminal in nature. The absence of the word "criminal" in the contempt notice is relevant to the notice inquiry, but not fatal. *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 530 (5th Cir. 1992). The omission of the word "criminal" may be fatal if the notice "fails to describe the conduct which forms the basis for the contempt charge or if the conduct could be the basis for civil coercive contempt proceedings." *Id.* at 530–31.

In *Lamar*, this Court vacated on notice grounds a criminal-contempt sanction against the defendant for failure to produce documents in pretrial discovery. 918 F.2d at 565–67. The district court ordered the defendants to appear "to show cause why they should not be held in contempt for their failure to comply with the order compelling production." *Id.* at 566. Because this order gave no indication that the contempt proceeding was criminal, we vacated the criminal portion of the sanctions. *Id.* at 567. By contrast, in *American Airlines*, we upheld criminal sanctions because the contempt notice stated the court would "take up the matter of possible contempt of court and sanctions, if any, to be imposed . . . because of [plaintiff and plaintiff's counsel's] conduct in falsely representing" that certain declarations filed with the court had been properly executed. 968 F.2d at 526. Although the notice did not include the word criminal, we found sufficient notice because it described past conduct that was "not subject to coercive civil sanctions." *Id.* at 531.

Here the contempt notice only referenced contempt pursuant to 11 U.S.C. § 105 for violations of the discharge injunction.[14] This provision,

---

[14] ROA.2852.

No. 14-30961

however, provides grounds for civil contempt, and therefore does not provide sufficient notice of a criminal-contempt proceeding. *See Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co.*, 108 F.3d 609, 613–14 (5th Cir. 1997) (per curiam); *Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1515–16 (5th Cir. 1990). Because Appellants were not on notice that the hearing would implicate criminal-contempt sanctions, we vacate the portion of the order imposing a $10,000 sanction payable to the Clerk of the Court.

## C.    The Injunctions

The district court, "as part of the sanctions imposed," ordered Appellants "to immediately cease and desist all Chapter 7 consumer 'No Money Down' bankruptcies." The court also ordered Appellants "to remove or cancel all advertising in all media of 'No Money Down' Chapter 7 consumer bankruptcies," which was not to be resumed "without prior written orders" from the court.[15]

Federal Rule of Civil Procedure 65(a) requires "notice to the adverse party" before an injunction may issue.[16] This rule has "constitutional as well as procedural dimensions." *Parker v. Ryan*, 960 F.2d 543, 544 n.1 (5th Cir. 1992). Thus, Rule 65(a), "with few exceptions, implies 'a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition.'" *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda*, 415 U.S. 423, 432 n.7 (1974)).

---

[15] ROA.3195–96.

[16] Although this Rule refers to "preliminary injunctions," we apply it to the district court's injunctions because they were issued sua sponte in an order closing the case without any trial on the merits. *See Quershi v. United States*, 600 F.3d 523, 526–27 (5th Cir. 2010) (applying Rule 65(a) notice standards to a pre-filing injunction issued sua sponte by a district court).

7

No. 14-30961

The court only notified Appellants to "be prepared to present evidence and argue: (1) whether Defendants violated 11 USC § 528, and (2) whether the Defendants should be held in contempt under § 105 for violating the discharge injunction under 11 USC §[ ]524(a)(2)."[17] Nothing in the minute entry suggests that the court was considering enjoining Appellants' No Money Down bankruptcy practice. *See Williams*, 939 F.2d at 1105 ("There is no evidence that appellants-sheriffs were on notice that the June 25 hearing was held for any purpose other than to rule on the motion to vacate the May 25 injunction; they were therefore unprepared and not on notice to oppose the June 25 preliminary injunction issued at that hearing."). Thus, we vacate the district court's injunctions. *See id.* at 1105–06 (vacating the injunction).[18]

### III. CONCLUSION

For the foregoing reasons, we VACATE the district court's order insofar as it imposes $10,000 in sanctions and enjoins Appellants and REMAND.

---

[17] ROA.2852.

[18] We do not reach Appellants' argument that the injunctions are impermissibly broad under *In re Stewart*, 647 F.3d 553, 556–58 (5th Cir. 2011). We leave the scope of any injunctions imposed on remand to the district court's careful consideration.