# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 15, 2010

No. 09-20317

Charles R. Fulbruge III
Clerk

NASIR QURESHI,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-639

Before DeMOSS, ELROD, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Nashir Qureshi appeals from a sua sponte order of the district court requiring him to obtain the court's permission before filing suit in any federal court in the state of Texas. Because the district court entered this injunction without affording Qureshi prior notice or the opportunity to oppose the order, we VACATE the injunction and REMAND for further proceedings.

## I. Facts & Procedural History

The history of this case is short. On March 3, 2009, Qureshi filed a complaint against the United States seeking damages under the Federal Tort Claims Act based on his allegedly unlawful detention by the Department of

No. 09-20317

Homeland Security. Qureshi never served the United States with the summons and complaint pursuant to Federal Rule of Civil Procedure 4(i)(1). The district court set an initial conference for June 1, 2009, but, on April 28, 2009, reset the conference date for May 1, 2009, and specifically directed that Qureshi appear personally. On April 30, 2009, Qureshi voluntarily dismissed his case with prejudice as permitted by Federal Rule of Civil Procedure 41(a)(1)(A)(i). Later the same day, the district court entered an order of dismissal and, sua sponte, a permanent injunction against Qureshi. In its entirety, the injunction reads:

> Since 2005, Nasir Qureshi has filed four lawsuits in the Southern District of Texas that have been dismissed without prejudice. Because of this persistent abuse of the judicial process, Qureshi may not file papers in Texas federal courts without written permission of Judge Lynn N. Hughes. He may answer a lawsuit filed against him; however, he may not counter-claim without permission.

Qureshi timely appealed the injunction, arguing that the district court lacked jurisdiction to enter the injunction or, in the alternative, that the district court abused its discretion in doing so. The United States defends the validity of the injunction on appeal.

## II. Standard of Review

"We review the district court's grant of an injunction for an abuse of discretion, and underlying questions of law de novo." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). We review claimed defects of subject matter jurisdiction de novo. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 186 (5th Cir. 2008).

## III. Discussion

On appeal, Qureshi asserts five grounds for reversal of the district court's injunction: (1) that the district court lost jurisdiction when Qureshi filed the Rule 41(a)(1)(A)(i) voluntary dismissal; (2) that the injunction was entered without notice and opportunity to be heard; (3) that the terms of the injunction

2

do not comply with Federal Rule of Civil Procedure 65(d); (4) that compliance with the order is impossible; and (5) that the order is unnecessary. We conclude that the district court had jurisdiction to enter the order notwithstanding Qureshi's voluntary dismissal, but that the lack of notice and an opportunity to be heard requires us to vacate the order. In so holding, we do not address the remainder of Qureshi's purported grounds for relief.

### A. Jurisdiction

Qureshi argues that the district court was without power to take any action on his case once he filed the notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i). Under that provision, a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). As the notice of dismissal was filed before the United States had served its answer or motion for summary judgment, Qureshi's notice was undisputedly effective to dismiss the action. We have conclusively explained that this document is immediately self-effectuating:

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. . . . There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963). In short, in the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself.

That the court loses jurisdiction over the litigation does not, however, deprive the district court of its inherent supervisory powers. After the termination of an action, a court may nevertheless "consider collateral issues."

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Ratliff v. Stewart*, 508 F.3d 225, 230 (5th Cir. 2007). For example, the court may, notwithstanding dismissal of the underlying action, impose sanctions under Federal Rule of Civil Procedure 11, *Cooter & Gell*, 496 U.S. at 396;[1] impose costs, *see Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 169–70 (1939); impose attorney's fees, *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 451 n.13 (1982); or undertake contempt proceedings, *see, e.g.*, *United States v. United Mine Workers*, 330 U.S. 258, 294 (1947). As the Supreme Court has explained, the reason that these actions survive dismissal is that each "requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell*, 496 U.S. at 396. The maintenance of the original action that occasioned the court's inquiry into that abuse is irrelevant to the court's jurisdiction.

We have explained that a court's authority to impose an injunction against future filings "flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (footnote omitted). This power further permits the district court to act sua sponte. *Baum*, 513 F.3d at 189. The court's authority to impose a pre-filing injunction thus derives from the same source as the remedies that the Supreme Court has concluded may be imposed after dismissal of the action. Such an injunction also serves the same purpose—namely, a sanction against abuse of the judicial process—as those remedies. Therefore, we hold that a pre-filing injunction like the one imposed here falls within the same

---

[1] We acknowledge that Rule 11 has been amended since the Supreme Court's decision in *Cooter & Gell* to limit in certain circumstances the types of sanction that the court may impose if the party voluntarily dismisses the action, but the general principle underlying the decision remains unaffected by this change. *See, e.g.*, *Ratliff*, 508 F.3d at 230–32 (continuing to apply *Cooter & Gell*).

class as sanctions, costs, attorney's fees, and contempt remedies for purposes of the court's jurisdiction. Jurisdiction to enter a pre-filing injunction therefore also survives dismissal because, like those related remedies, it only "requires the determination of a collateral issue: whether the attorney [or party] has abused the judicial process, and, if so, what sanction would be appropriate." *Cooter & Gell*, 496 U.S. at 396.

The district court thus had jurisdiction to enter the injunction.

*B. Notice and Hearing*

We turn next to the court's decision to issue the injunction, which we review for abuse of discretion. As Qureshi argues, our precedent governing the imposition of pre-filing injunctions on vexatious litigants states unequivocally that "[n]otice and a hearing are required if the district court sua sponte imposes a pre-filing injunction." *Baum*, 513 F.3d at 189; *see also id.* at 193 ("[Appellant] was given notice and an opportunity to be heard regarding the imposition of the pre-filing injunction, which satisfies the requirements of due process in this case."). The record is very clear that the district court entered this injunction without giving any prior notice to Qureshi and without offering him any opportunity to oppose the injunction or be heard on its merits. Those prerequisites are mandatory and constitutionally derived; failure to provide notice and conduct a hearing is an abuse of discretion. *See W. Water Mgmt., Inc. v. Brown*, 40 F.3d 105, 109 (5th Cir. 1994) (finding that the expansion of an injunction without "appropriate notice and an opportunity for hearing" was an abuse of discretion); *see also Parker v. Ryan*, 960 F.2d 543, 544 n.1 (5th Cir. 1992) (noting that the notice requirement in Federal Rule of Civil Procedure 65, which governs the issuance of injunctions, "has constitutional as well as procedural dimensions"); *cf. Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) ("For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that

No. 09-20317

they may enjoy that right they must first be notified.'") (quoting *Baldwin v. Hale*, 68 U.S. (1 Wall.) 223, 233 (1864)).

If "a preliminary injunction granted without adequate notice and a fair opportunity to oppose it should be vacated and remanded to the district court," *Harris County v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (citing *Parker*, 960 F.2d at 544), then our treatment of a permanent injunction entered without notice and hearing cannot be any more deferential. Regardless of the merits of the injunction—as to which we express no opinion—we must therefore vacate the pre-filing injunction.

## IV.  Conclusion

The district court's order imposing a pre-filing injunction on Qureshi is VACATED.  Finding that the district court does have jurisdiction to enter such an order in an appropriate case, however, we REMAND to the district court for the limited purpose of determining the sanctions question after proper notice and a hearing consistent with the law of this Circuit.[2]

---

[2] *See Baum*, 513 F.3d at 189 ("In determining whether it should impose a pre-filing injunction . . . a court must weigh all the relevant circumstances, including the following four factors: '(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.'") (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)); *Farguson*, 808 F.2d at 360 ("[T]he injunction against future filings must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants.").