**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2012

Lyle W. Cayce
Clerk

No. 11-10716
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDRICK JERMAINE FULTON, also known as Ken Fulton,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-2

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kendrick Jermaine Fulton, federal prisoner # 30080-177, has moved for leave to proceed in forma pauperis (IFP) in his appeal of an order of the district court that (1) denied Fulton's 18 U.S.C. § 3600 motion for DNA testing, and (2) imposed a pre-filing injunction on account of Fulton's repeated frivolous filings. A movant seeking leave to proceed IFP on appeal must show that he is unable to bear the costs of an appeal and that the appeal is taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). When a district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10716

certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the litigant may either pay the filing fee or challenge the court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Fulton's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). If "the merits are so intertwined with the certification decision as to constitute the same issue," we may determine the merits as well as the appropriateness of the IFP status. *Baugh*, 117 F.3d at 202.

The motion for DNA testing concerned a bag that allegedly contained cocaine base; Fulton also sought discovery related to his motion. Fulton argues that he satisfied the statutory prerequisites for DNA testing. He also contends that the district court erred by denying his motion for DNA testing without notifying the Government and giving it an opportunity to respond.

Under § 3600(a), the district court "shall order" DNA testing of specified evidence if it determines that 10 listed prerequisites are met. Our review shows that the prerequisites plainly were not satisfied in this matter: The identity of the perpetrator was not at issue at trial, and the motion for DNA testing was not made in a timely fashion. *See* § 3600(a)(7), (10). As Fulton suffered no prejudice from the district court's denial of the motion without notifying the Government, any error under § 3600(b) was harmless. Because there was no reversible error in the denial of the motion for DNA testing and discovery, the district court's judgment is in this regard affirmed.

Fulton contends that the district court erred by imposing restrictions on his future filings without affording him an opportunity to be heard. He argues that the restrictions should be vacated and the matter remanded for a hearing.

The authority of a court to enjoin future filings "flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket."

2

No. 11-10716

*Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986) (footnote omitted).   The district court is permitted to act sua sponte in imposing restrictions on future filings.  *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010).  "[O]ur precedent governing the imposition of pre-filing injunctions on vexatious litigants states unequivocally that notice and a hearing are required if the district court sua sponte imposes a pre-filing injunction."  *Id.* (internal quotation marks, citations, and brackets omitted).

Although the district court had previously warned Fulton, prior to the filing of the motion for DNA testing, that a future frivolous filing would result in sanctions, including a bar to future filings, it failed to provide an opportunity for a hearing in this matter.  Accordingly, and regardless of the merits of the pre-filing injunction, as to which we express no opinion, we must vacate the injunction and remand "for the limited purpose of determining the sanctions question after proper notice and a hearing consistent with the law of this Circuit."  *Id.* at 527.

In view of the foregoing, Fulton's IFP motion is granted.  His motion for supplemental briefing is denied.

IFP GRANTED; MOTION FOR SUPPLEMENTAL BRIEFING DENIED; DENIAL OF MOTION FOR DNA TESTING AFFIRMED; PRE-FILING INJUNCTION VACATED AND REMANDED TO DETERMINE THE SANCTIONS QUESTION AFTER PROPER NOTICE AND A HEARING.