# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2021

Lyle W. Cayce
Clerk

No. 20-11194
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN D. MOORE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CV-2900
USDC No. 3:07-CR-125-1

Before SMITH, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Kevin D. Moore, federal prisoner # 36285-177, seeks leave to proceed in forma pauperis (IFP) on appeal so that he may challenge the district court's denial of his motion for reconsideration of sanctions and for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11194

adjudication on the merits of his allegation that the Assistant United States Attorney (AUSA) lacked authority to act on behalf of the Government in obtaining the indictments against him.  By moving in this court to proceed IFP, Moore challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  We review the district court's certification for abuse of discretion.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  Our inquiry into Moore's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.3d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court concluded that it had already ruled on the merits of Moore's challenge to the AUSA's authority and ordered that it would not consider such a claim until Moore had obtained authorization from the appellate court to file a successive 28 U.S.C. § 2255 motion raising the allegation.  Contrary to Moore's assertions, the district court's ruling in his initial § 2255 proceeding that the claim was frivolous was a ruling on the merits.  *See, e.g.*, *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (noting, in the civil rights context, that a complaint is frivolous if it lacks a basis in fact or law).  Additionally, because Moore is challenging an error that occurred prior to his sentencing – the issuance of the indictment – the claim properly arises under § 2255.  *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005).  Accordingly, the district court lacked jurisdiction to consider Moore's challenge to this merits ruling absent authorization from the appellate court.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013); § 2255(h).

With respect to the imposition of sanctions, the district court had previously ordered that, in light of Moore's history of filing frivolous and duplicative pleadings, the Clerk's Office would file further pleadings as "Notices to the Court."  After the Clerk's Office enacted this provision,

2

No. 20-11194

Moore sought reconsideration of the sanctions order, contending that it was inappropriate in light of his good faith efforts to obtain review of the merits of his claim relating to the AUSA's authority and that the district court did not show that he had violated any statute or rule warranting the imposition of sanctions. A district court possesses an inherent power to control its docket, including placing limits on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 560 (5th Cir. 1986). Moore's repeated refusal to accept the district court's conclusion that he had received a ruling on the merits of his claim does not show that he was acting in good faith. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (considering the history of litigation and the good faith of the party being sanctioned). Moreover, Moore's pleadings were not refused by the district court, and the court still reviewed and addressed his pleadings as appropriate. *See id.* (considering the extent of the burden on the courts and the adequacy of alternative sanctions). Moore has not established that the district court abused its discretion in denying his request to reconsider the imposition of sanctions. *See Qureshi*, 600 F.3d at 524.

In light of the above, the district court did not abuse its discretion by denying IFP certification. *See Carson*, 689 F.2d at 586. Therefore, we DENY the motion to proceed IFP on appeal. Because the merits of Moore's appeal are so intertwined with the certification decision as to constitute the same issue, we DISMISS the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

The instant appeal constitutes Moore's fourth attempt to challenge the AUSA's authorization. Moore has a history of raising this and other claims repeatedly in the district and appellate courts. Accordingly, he is CAUTIONED that future frivolous, repetitive, or abusive filings addressing any challenges to Moore's criminal proceedings may result in

3

No. 20-11194

sanctions, including monetary penalties or restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.