# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2022

Lyle W. Cayce
Clerk

No. 21-20324
Summary Calendar

Clara Fuller; George Fuller; Louise Sawyer; Thurman Fuller; Elizabeth Donell; Grace Fuller; Patricia Dockery,

*Plaintiffs—Appellants*,

*versus*

Hibernia Oil,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1670

Before Clement, Southwick, and Engelhardt, Circuit Judges.
Per Curiam:*

Seven siblings, Clara Fuller, George Fuller, Louise Sawyer, Thurman Fuller, Elizabeth Donell, Grace Fuller, and Patricia Dockery sued Hibernia Oil (Hibernia) for unpaid royalties. They claimed that they are heirs to a tract of land on the Grayson Smackover Lime Unit (the Grayson property) and

---

* This opinion is not designated for publication. See 5th Circuit Rule 47.5.

that Hibernia extracted minerals from the property without paying royalties to them. The plaintiffs also asserted that Hibernia was complicit in a scheme to obtain their forged signatures on documents purporting to convey their royalty interests to another company. The district court dismissed the complaint for lack of subject matter jurisdiction and denied the plaintiffs' motion for reconsideration. At the end of the order denying reconsideration, the district court stated that the plaintiffs were "forbidden to file anything else related to the mineral lease in Columbia County, Arkansas." On appeal, the plaintiffs challenge the district court's determination that it lacked subject matter jurisdiction and its imposition of sanctions.

"The district court must dismiss [an] action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). We review de novo the district court's dismissal for lack of subject matter jurisdiction. *Id.*

Federal district courts have jurisdiction over cases involving federal questions, which are those "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Although a district court should generally accept a plaintiff's good faith statement regarding an amount in controversy, a plaintiff invoking jurisdiction still has "the burden of alleging with sufficient particularity the facts creating jurisdiction and of supporting the allegation if challenged." *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982) (internal quotation marks, parentheses, and citation omitted).

The plaintiffs' claim that their Fifth and Fourteenth Amendment rights have been violated is not cognizable because Hibernia is a private entity. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982); *Jones v. City of*

*Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Thus, the district court lacked federal question jurisdiction. *See* § 1331.

As for diversity jurisdiction, the plaintiffs' entire lawsuit is predicated on a general assertion that they learned, presumably by word of mouth, that Hibernia had paid royalties to one of their siblings. They have never alleged that they are aware of the amount of royalties Hibernia paid. And they admit that they have no specific knowledge regarding whether Hibernia extracted minerals from the Grayson property, when it extracted the minerals, or how much it extracted. Accordingly, as the district court determined, the plaintiffs failed to plead facts sufficient to meet the amount-in-controversy requirement to establish diversity jurisdiction. *See Diefenthal*, 681 F.2d at 1052. Thus, the district court correctly dismissed the complaint for lack of subject matter jurisdiction and denied the plaintiffs' motion for reconsideration on this issue.

Regarding sanctions, we have upheld district court sanctions requiring litigants to obtain judicial consent prior to making future filings. *Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998). However, a prefiling injunction should be narrowly tailored both to protect the courts and to preserve the litigant's ability to bring nonfrivolous claims. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). The district court must provide notice and a hearing before sua sponte imposing a prefiling injunction. *See Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). Moreover, the district court should avoid issuing sanctions barring future filings without a prior warning. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993). And "the imposition of sanctions must not result in total, or even significant, preclusion of access to the courts." *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 882 n.23 (5th Cir. 1988).

The district court did not warn the plaintiffs that sanctions could be imposed when it initially dismissed the instant complaint for lack of subject matter jurisdiction. It also did not provide notice that it was considering a prefiling injunction or hold a hearing on the issue. Nor did it indicate that the plaintiffs have previously received a sanction warning from any other federal court in any of their previous lawsuits against different defendants. And on its face, the district court's order absolutely bars the plaintiffs from filing lawsuits related to the Grayson property against any party in any court. In addition, although the plaintiffs have made arguments that lack factual support, it is not clear, on this record, that they have made knowingly false representations in bad faith. While this type of litigation could ultimately lead to sanctions, it does not warrant the severe sanctions imposed by the district court without warning. We therefore vacate the imposition of sanctions and remand the case to the district court for the limited purpose of considering whether less stringent sanctions or a sanction warning is appropriate. *See Mendoza*, 989 F.2d at 197.

For the foregoing reasons, the district court's judgment is AFFIRMED and its denial of the motion for reconsideration is AFFIRMED in part and VACATED in part. The case is REMANDED for the limited purpose stated above. The plaintiffs' motions to amend and to supplement their motion to amend are DENIED as they do not indicate that the plaintiffs could plead facts demonstrating that they meet the amount-in-controversy requirement. Hibernia's motion for additional sanctions is DENIED.