# United States Court of Appeals for the Fifth Circuit

————————————

No. 24-50870
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2025

Lyle W. Cayce
Clerk

Rudy Castaneda,

*Plaintiff—Appellant*,

*versus*

Rodolfo Ramon Frausto-Recio; Falcon Insurance
Company; Officer Daniel M. Ramirez, Jr., *San Antonio Police
Department*; Sergeant John Doe, *San Antonio Police Department*;
San Antonio Police Department,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-718

————————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:*

Rudy Castaneda appeals the district court's dismissal of his complaint asserting claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, the

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50870

Americans with Disabilities Act, and Texas state law, and its imposition of a pre-filing injunction.

A dismissal for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). Castaneda has not shown any error in the district court's conclusion that he failed to state a due process claim. *See Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995). Because Castaneda has not set forth any argument challenging the district court's reasons for dismissing his remaining federal claims, he has abandoned any challenge to those portions of the district court's ruling. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Nor has he demonstrated, on this record, that the district court erroneously dismissed his complaint without further opportunity to offer more facts or evidence. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994). And in light of these conclusions, he has not shown that the district court's decision to decline to exercise supplemental jurisdiction over the remaining claims was an abuse of discretion. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 226 (5th Cir. 1999).

Finally, Castaneda challenges the district court's imposition of the pre-filing injunction, contending that he is not a vexatious litigant and should not be punished for "employing his rights." District courts have broad discretion to control their dockets. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The decision to issue a pre-filing injunction is reviewed for abuse of discretion. *Qureshi v. United States*, 600 F.3d 523, 524 (5th Cir. 2010). In light of the district court's findings regarding Castaneda's litigation history and his multiple warnings against filing baseless complaints, Castaneda has not shown that the district court abused its discretion in barring him from filing any pro se and in forma

No. 24-50870

pauperis complaints in the Western District of Texas without obtaining prior approval. *See id.* at 524; *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

AFFIRMED.