# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50966
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2026

Lyle W. Cayce
Clerk

Joseph Anthony Reyna,

> *Plaintiff—Appellant*,

*versus*

Block, Incorporated, *doing business as* Cash App; Sutton Bank,

> *Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1402

---

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Joseph Anthony Reyna, appearing pro se and in forma pauperis, alleges Defendants-Appellees Block Inc. d/b/a Cash App and Sutton Bank failed to timely respond to Reyna's notice of account errors in violation of the Electronic Funds Transfer Act (EFTA). The district court, however, found his complaint fails to allege proper notice under the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50966

statute, so dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) and entered a prefiling injunction. Because Reyna has not stated a claim under the EFTA despite pleading his best case, and because the district court acted within its discretion when entering the prefiling injunction, we AFFIRM.

Since June of last year, Reyna has filed 24 pro se lawsuits in Texas federal district courts and sought pauper status.[1] This is the ninth such case. Reyna, proceeding "individually and on behalf of Dreams Over Dollars™ Foundation and JoeCat LLC," claims $67.66 of unauthorized Google Play transactions appeared in an unnamed Cash App account. He concedes Cash App restored that amount to the account. But he contends at least part of the payment was untimely under the EFTA and seeks statutory penalties from Defendants-Appellees as a result.

---

[1] *See Reyna v. Tex. Dep't of State Health Servs.*, No. 1:25-CV-871 (W.D. Tex. June 2, 2025); *Reyna v. Spotify Tech. S.A.*, No. 1:25-CV-1023 (W.D. Tex. June 25, 2025); *Reyna v. Da Vita Inc.*, No. 1:25-CV-1028 (W.D. Tex. June 27, 2025); *Reyna v. Tex. Med. Liab. Tr.*, No. 1:25-CV-1105 (W.D. Tex. July 15, 2025); *Reyna v. Nelnet, Inc.*, No. 1:25-CV-1107 (W.D. Tex. July 15, 2025); *Reyna v. Tex. Dep't of Transp.*, No. 1:25-CV-1290 (W.D. Tex. Aug. 5, 2025); *Reyna v. Soc. Sec. Admin.*, No. 1:25-CV-1293 (W.D. Tex. Aug. 11, 2025); *Reyna v. Wells Fargo Bank, N.A.*, No. 1:25-CV-1356 (W.D. Tex. Aug. 21, 2025); *Reyna v. Exxon Mobile* [sic] *Corp.*, No. 1:25-CV-194 (S.D. Tex. Sept. 3, 2025); *Reyna v. Capital One Fin. Corp.*, No. 1:25-CV-1498 (W.D. Tex. Sept. 11, 2025); *Reyna v. Twitch Interactive, Inc.*, No. 1:25-CV-1504 (W.D. Tex. Sept. 11, 2025); *Reyna v. BREIT Steadfast MF Fairmarc TX LP*, No. 1:25-CV-1608 (W.D. Tex. Oct. 1, 2025); *Reyna v. Nelson*, No. 1:25-CV-1676 (W.D. Tex. Oct. 14, 2025); *Reyna v. Space Expl. Techs. Corp.*, No. 1:25-CV-250 (S.D. Tex. Nov. 3, 2025); *Reyna v. Plantir* [sic] *Techs., Inc.*, No. 1:25-CV-278 (S.D. Tex. Nov. 17, 2025); *Reyna v. Apple Inc.*, No. 2:25-CV-1131 (E.D. Tex. Nov. 18, 2025); *Reyna v. Live Nation Ent., Inc.*, No. 2:25-CV-1179 (E.D. Tex. Dec. 1, 2025); *Reyna v. Walmart Inc.*, No. 1:25-CV-2159 (W.D. Tex. Dec. 30, 2025); *Reyna v. Meta Platforms Inc.*, No. 3:25-CV-3562 (N.D. Tex. Dec. 30, 2025); *Reyna v. Microsoft Corp.*, No. 3:25-MC-92 (N.D. Tex. Dec. 30, 2025); *Reyna v. Mortimer Prod. Co.*, No. 7:26-CV-52 (S.D. Tex. Jan. 27, 2026); *Reyna v. United States Dep't of Educ.*, No. 3:26-CV-232 (N.D. Tex. Jan. 29, 2026); *Reyna v. X Corp.*, No. 4:26-CV-107 (N.D. Tex. Feb. 2, 2026).

No. 25-50966

A magistrate judge granted Reyna pauper status. She also screened the complaint per 28 U.S.C. § 1915(e)[2] and recommended it be dismissed for failing to allege that Reyna gave Defendants-Appellees sufficient notice of the disputed transactions under the EFTA. The magistrate judge noted that, at the time, five of Reyna's pro se suits had been deemed frivolous upon § 1915 screening and Reyna had twice been warned of sanctions should he persist in pursuing meritless claims. She thus recommended a prefiling injunction that would require Reyna to obtain leave of court before filing further complaints in the district. Reyna objected to the R&R. The district judge overruled Reyna's objections and adopted the R&R in full, including the recommended prefiling injunction.

Reyna timely appealed. He argues his complaint adequately alleges that he gave Defendants-Appellees notice of account errors on June 6, 2025, and that the district court erred by dismissing without offering him a chance to amend.[3] Our review of the dismissal is de novo.[4] We review for abuse of discretion the denial of leave to amend and the prefiling injunction.[5]

———————————————

[2] *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii) (requiring a district court to dismiss a complaint filed in forma pauperis if it is determined that the suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

[3] In addition to the EFTA claim, Reyna brought claims under the Americans with Disabilities Act and Texas Deceptive Trade Practices Act, which the district court dismissed. Reyna did not brief those claims, so forfeited review of their dismissal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that even pro se litigants must brief arguments to preserve them); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that failure to address any error in the district court's analysis is the same as if the appellant had not appealed the judgment).

[4] *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam).

[5] *See Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010) (reviewing prefiling injunction for abuse of discretion); *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009)

No. 25-50966

Under the EFTA, a "consumer"[6] who sees an error on his bank statement has 60 days to provide his financial institution "notice" of the error. The statute describes "notice" as a communication that provides: (1) the consumer's name and account number (or information that enables the financial institution to identify them), (2) the consumer's belief that the statement contains an error, (3) the amount of the error, and (4) the reasons for the consumer's belief that an error has occurred. Upon receipt of statutorily sufficient notice, the financial institution must investigate and respond within ten business days.[7]

Reyna's complaint alleges he "experienced" $63.93 in unauthorized Google Play charges between April 3 and May 21, 2025. It further asserts that Reyna sent "a **Litigation Preservation Notice** (June 6, 2025)." After another allegedly unauthorized transaction in the amount of $3.73, Reyna wrote Cash App on August 11, 2025. Cash App restored $67.66 to the account eight days later. Reyna contends that $63.93 of this payment came too late under the EFTA because he'd already notified Cash App of those errors on June 6, 2025.

The problem is the complaint only references "a **Litigation Preservation Notice** (June 6, 2025)" without elaboration. It does not describe the contents of the putative communication or allege that it met the EFTA's requirements—for example, that it identified the account at issue,

---

(reviewing dismissal of pro se litigant's complaint without leave to amend for abuse of discretion).

[6] The EFTA applies only to "consumers," meaning "natural persons." *See Kashanchi v. Tex. Commerce Med. Bank, N.A.*, 703 F.2d 936, 938–39 (5th Cir. 1983). We cannot discern from the complaint whether the EFTA applies in the first instance because Reyna has not alleged the account at issue belongs to a "consumer" as opposed to Reyna's LLC or foundation, which the complaint identifies as related parties.

[7] *See* 15 U.S.C. § 1693f(a).

the amounts of the purported errors, or the basis for Reyna's belief that errors had occurred. And while Reyna's August letter to Cash App and Cash App's response are attached to the complaint, the June Notice is not. We agree with the district court that this fails to plead facts showing that valid notice under the EFTA occurred on June 6, 2025, or on any other date within 60 days of Reyna's April–May discovery of alleged account errors.[8]

Reyna argues that he'd have cured these deficiencies had the district court allowed him to amend. Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed. Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'"[9] Here, the magistrate judge advised Reyna that he had not plausibly alleged statutory notice. Despite this clear statement and multiple opportunities, Reyna never expanded upon his threadbare allegation about the June Notice. He did not seek leave to amend his complaint in the district court. He did not elaborate on the June Notice when he objected to the R&R.[10] And he offered no further information in a supplemental filing to the district court. Even in this court, Reyna identifies no material facts that he would have asserted in an amendment. Instead, he continues to state conclusorily that he sent *something* on June 6, 2025, without broaching the content of that communication. From this, we conclude the district court

---

[8] *See Hale v. King*, 642 F.3d 492, 498–99 (5th Cir. 2011) (per curiam) (stating, while pleadings of pro se plaintiffs are held to "less stringent standards," pro se plaintiffs must still plead "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))).

[9] *Brewster*, 587 F.3d at 767–68.

[10] *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (per curiam) ("The district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend complaint.").

No. 25-50966

acted within its discretion when it dismissed without inviting an amendment because Reyna had already pleaded his best case.[11]

Reyna also appeals the prefiling injunction as overbroad and lacking specific fact determinations. But he does not dispute the district court's findings about his litigation conduct and the prior warnings he received. Those findings, coupled with the burdens that frivolous suits impose on trial courts, are sufficiently specific to sustain the prefiling injunction here.[12] Having found no abuse of the district court's discretion in this respect, we likewise WARN Reyna that future frivolous, repetitive, or otherwise abuse filings can and will result in sanctions by this court, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings here and in any district court subject to this court's jurisdiction. AFFIRMED.

---

[11] *See Brewster*, 587 F.3d at 768 (collecting cases).

[12] *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).